627 So.2d 125 (1993)
Israel DIAZ, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3022.
District Court of Appeal of Florida, Fifth District.
December 3, 1993.
James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carmen F. Corrente, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING
COBB, Judge.
The state has filed a motion for rehearing. Upon reconsideration, we vacate the opinion previously filed herein on September 24, 1993, and substitute the following opinion therefore:
The appellant, Diaz, was arrested on January 13, 1992 and charged with grand theft of the third degree. On February 11, 1992, a no information was filed. On May 12, 1992 (120 days after arrest), an information for the same charge was filed and Diaz was rearrested on June 24, 1992. On August 17, 1992 (217 days after the initial arrest), Diaz filed a motion pursuant to Florida Rule of Criminal Procedure 3.191 contending that more than 180 days had elapsed since his initial arrest on the charge and seeking discharge "without regard to the 15-day window [period] contemplated by Rule 3.191(i)(3)." The motion for automatic discharge was denied on August 21, 1992. Diaz pled no contest and was adjudicated guilty, reserving the right to appeal the denial of his motion for automatic discharge.
The issue on this appeal is the correctness of that ruling, which turns on the applicability of the "window period" to the facts of this case when considered in light of the opinion in State v. Agee, 622 So.2d 473 (Fla. 1993). There, the Florida Supreme Court held "that when the State enters a nol pros, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired." Agee at 475. This holding was predicated upon the rationale that where the speedy trial period expired prior to the refiling of the charge, the defendant was deprived by the state of his right to seek discharge at the end of the prescribed period of 175 days  hence, he was thereafter entitled to automatic discharge upon the refiling of the charge.
The facts are significantly different in the instant case, even if we equate the filing of a no information with the filing of a nol pros. *126 Here, the state refiled the charge within the 175-day period following the initial arrest. Therefore, at the expiration of that period, Diaz was entitled only to file his motion for discharge and incept the 15-day window period proceedings set forth in Florida Rule of Criminal Procedure 3.191(p)(3). He was not entitled to an automatic discharge, as was Agee, because at the end of the 175-day period the case was in court and the procedural remedy of filing a motion for discharge was available to Diaz at that time.
Accordingly, the conviction below is affirmed.
AFFIRMED.
DAUKSCH and GRIFFIN, JJ., concur.