650 So.2d 68 (1994)
James Paul BRYANT, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 93-2297.
District Court of Appeal of Florida, Fifth District.
December 2, 1994.
Order Denying Rehearing February 24, 1995.
*69 Richard A. Manzo of Manzo & Praver, P.A., Titusville, and Terrence E. Kehoe of Law Office of Terrence E. Kehoe, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
Order Denying Rehearing En Banc February 24, 1995.
HARRIS, Chief Judge.
The issue,[1] simply stated, is whether State v. Agee, 622 So.2d 473 (Fla. 1993), mandates a reversal of many of Bryant's convictions because the State violated the speedy trial rule.[2]
Bryant was arrested for various charges relating to sexual activity with or lewd acts on a minor (his stepdaughter). An information was filed almost three months later specifically charging numerous counts of oral and vaginal intercourse. Ten days before the running of the speedy trial period, the State nolle prossed the information. Over a month later, after receiving the DNA results, but also after the running of the speedy trial period, the State refiled the identical information. Not only did Bryant not move to dismiss the late information, but his counsel volunteered the following during a bond hearing:
Now I spoke [to the prosecutor], she specifically told me she had no objection to the court reinstating the bond that was previous. He hasn't gone anywhere. We haven't filed any motions to discharge under the speedy trial. We haven't done any of that. We want to get the case prepared and do it the right way.
Bryant then moved for and was granted a continuance.
At a later court hearing, the following occurred:
COURT: Does the defense announce ready for trial on the January docket?
DEFENSE: No judge, because they just provided us with a whole list of witnesses. Nothing happened on this case. Now they get the DNA and they file a list of supplemental witnesses, evidence technicians, chain-of-custody witnesses and speedy trial had already run.
If we wanted to really press the matter and roll the dice, we would have filed a motion for discharge and pray that they could not get their witnesses together.
Realistically speaking here, again the history of this case reflects six second appearances. That is six 3-week continuances with no waiver of speedy trial through no fault of his own. He was out on bond at the time. We know these cases, sometimes they take six months and sometimes they take one year. We know at this point, through no fault of his own, he cannot go to trial at this point. We were just provided the DNA experts and was just provided a report and witnesses.
COURT: I would expect the case to be ready for trial on the January docket. Do you think you can accomplish that?

*70 DEFENSE: Not with the additional witnesses that they have provided at this time. I mean, Judge, they have recently provided me a whole list of witnesses. I don't know, I cannot commit one way or the other.
Still later, Bryant again requested a continuance and filed a waiver of speedy trial. Shortly thereafter, the information was amended to add additional charges. It was several months later, after the release of Agee, that Bryant filed his motion for discharge. The trial court denied the motion. We affirm.
Bryant relies on the language in Agee that states:
Based on the foregoing, we hold that when the State enters a nol pros, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired.
Agee, 622 So.2d at 475.
Bryant contends that the supreme court, by this language, has made the speedy trial rule self-executing and, in effect, has denied the trial court jurisdiction to consider any late filed information. We disagree. We think that the supreme court intended to create no greater defendant's rights under the speedy trial rule than the rights a defendant has under the constitutional prohibition against double jeopardy.[3] Just as double jeopardy protection can be waived, so too can the right to a speedy trial.
Clearly, in this case and on several occasions, Bryant did just that.
AFFIRMED.
GRIFFIN, J., concurs.
THOMPSON, J., dissents, with opinion.
THOMPSON, Judge, dissenting.
I respectfully dissent for several reasons. The court lost jurisdiction to try this case on 10 September 1992 because speedy trial expired before Bryant was charged, tried and convicted by the state. Since the court had no jurisdiction to try Bryant, the trial proceedings were void ab initio. Further, Bryant did not timely waive his right to a speedy trial before the speedy trial period expired and no subsequent act of Bryant can retroactively waive his right to a speedy trial. Because the case was refiled after the time for speedy trial expired, thus depriving Bryant of his right to file a motion for discharge, he is entitled to an automatic discharge. Diaz v. State, 627 So.2d 125 (Fla. 5th DCA 1993). This case is controlled by the Florida Supreme Court's decision in State v. Agee, 622 So.2d 473 (Fla. 1993).
In Agee, a defendant was arrested and an information was filed charging him with attempted second-degree murder. Agee then filed a written demand for speedy trial. Because the victim was in a coma and there *71 were no other witnesses, a nolle prosequi was entered on the charge against Agee before the expiration of the speedy trial time period. Agee was sent to Tennessee to be incarcerated on other charges. Two years later, the victim regained consciousness and two eyewitnesses were located. The state refiled the criminal charges against Agee. Agee filed a motion for discharge which the trial court granted. The trial court's decision was affirmed by the district court. The supreme court affirmed stating:
[W]e hold that when the State enters a nol pros, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired.
Id. at 475 (emphasis supplied). The facts are the same in this case.
Bryant was arrested on 19 March 1992. He was charged by information with 22 counts of sexual activity with a minor in a familial setting[1] on 12 June 1992, 85 days after his arrest. A nolle prosequi was entered on this information on 31 August 1992, 165 days after Bryant's arrest and 10 days before the expiration of the speedy trial period. As discussed by the court, the state did not have the results of an important DNA test, so they entered the nolle prosequi. Speedy trial expired on 10 September 1992, before a new information was filed. The state filed an amended information on 19 November 1992, 240 days after Bryant's arrest. The amended information was identical to the initial information. On 25 November 1992, 251 days after his arrest, Bryant requested his first of three continuances in the case. This continuance was granted, but the court specifically ruled that Bryant did not waive speedy trial. On 11 January 1993, 298 days after his arrest, Bryant requested his second continuance and filed a written waiver of speedy trial. The third and final information was filed on 25 January 1993, 312 days after his arrest. The last information contained 32 counts. Bryant's third continuance was filed in March of 1993. Bryant was tried and convicted in May of 1993. On 9 July 1993, the Agee case was first reported. On 13 July 1993, 472 days after his arrest, Bryant filed his motion for discharge and motion to dismiss all pending charges citing Agee as authority. These motions were denied.
There is no dispute that speedy trial expired on 10 September 1992. There is also no dispute that Bryant never moved to continue the case prior to the expiration of speedy trial. His first motion to continue with a waiver of speedy trial was on 11 January 1993, some 298 days after his arrest. This waiver after the speedy trial period expired does not affect his right to discharge. The waiver would have been effective if entered before the speedy trial period expired, but not after. See Ballard v. Kaney, 397 So.2d 1042 (Fla. 5th DCA 1981) (when the speedy trial period has run, the right of the accused to discharge is not affected by acts which might have earlier constituted a waiver). I agree with the court that if the motion to continue had been filed before the expiration of the speedy trial period, he would not be entitled to discharge, but this reasoning does not apply to a motion filed 123 days after the expiration date.
In conclusion, the remedy for failing to try Bryant within the time limits of the speedy trial rule is automatic discharge.[2] The state presented no evidence or argument to show that discharge should be denied because the delay was the fault of Bryant or because a prior extension had been granted. See Fla. R.Crim.P. 3.191(j)(1), (2). The actions of the State are the reason for the nolle prosequi. *72 The state was not without relief from the effects of this rule. The rules allow the state to extend speedy trial prospectively. The state could have requested a continuance because of exceptional circumstances, i.e., the results of the DNA test were not available. See Fla.R.Crim.P. 3.191(1). Evidently, the state elected not to file a motion to extend the speedy trial period, but to file a nolle prosequi instead.
I would reverse the trial court and remand with instructions that Bryant be discharged on all charges based on the same conduct for which he was arrested on 19 March 1992.

ON MOTION FOR REHEARING EN BANC
Motion for Rehearing En Banc denied.
HARRIS, C.J., COBB, W. SHARP, GOSHORN, PETERSON, GRIFFIN and THOMPSON, JJ., concur.
DAUKSCH, J., dissents with opinion, in which DIAMANTIS, J., concurs.
DAUKSCH, Judge, dissenting.
I respectfully dissent.
In my opinion we should grant the motion and withdraw the opinion of the original panel.
The decision here clearly and simply ignores the substantial holding in State v. Agee, 622 So.2d 473 (Fla. 1993), which says that the state is forbidden from refiling the charges. Because that is so, it matters not what the accused waives or does not waive. No charges can exist to be waived. See also Genden v. Fuller, 648 So.2d 1183 (Fla. 1994).
This appellant must be discharged because the state attorney violated the rule in Agee.
DIAMANTIS, J., concurs.
NOTES
[1] Although Bryant raised other issues, we find them to be without merit.
[2] Fla.R.Crim.P. 3.191.
[3] Article I, section 9 of the Florida Constitution (1968), provides that no person shall be twice put in jeopardy for the same offense. Florida Rule of Criminal Procedure 3.190(c) states that failure to timely raise certain defenses constitutes a waiver of same but further provides that the court may at any time entertain a motion to dismiss on the ground that:

(2) The defendant is charged with an offense of which the defendant has previously been placed in jeopardy.
This indicates that even the constitutional protection against double jeopardy is not self-executing but must be raised by a motion to dismiss. Further, the cases indicate that one can waive even double jeopardy protection. In Johnson v. State, 460 So.2d 954, 957 (Fla. 5th DCA 1984), approved, 483 So.2d 420 (Fla. 1986), this court stated:
After an unconditional nolo contendere plea to a lesser offense than charged is unqualifiedly accepted by the trial court, jeopardy attaches preventing the plea from being set aside and the original charges from being reinstated in the absence ... of a knowing, intelligent and intentional consent or waiver... .
The case recognizes that while a waiver will not be implied from mere silence or the failure to object, the defendant may nevertheless affirmatively waive even double jeopardy rights. See also, Lippman v. State, 633 So.2d 1061, 1065 (Fla. 1994), in which the supreme court indicates that a defendant can "knowingly waive his double jeopardy protection." Here, there can be no doubt that Bryant was aware of the running of the speedy trial period. He mentioned it on several occasions. He disavowed filing for a release based on a speedy trial violation and instead moved for and received several continuances. He filed a written waiver of speedy trial. The fact that he did these things before the release of Agee does not alter the fact that he made a "knowing waiver of his" speedy trial protection.
[1] 794.041, Fla. Stat. (1991).
[2] Rule 3.191 provides in relevant part:

(j) Delay and Continuances; Effect on Motion. If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court .. .
Fla.R.Crim.P. 3.191(j).