656 So.2d 1327 (1995)
Michael GUZZETTA and James Gibson, Etc., Petitioners/Appellants,
v.
Hon. Pope HAMRICK, Jr., County Court, Etc., et al., Respondents/Appellees.
No. 95-935.
District Court of Appeal of Florida, Fifth District.
June 9, 1995.
Rehearing Denied July 19, 1995.
James B. Gibson, Public Defender, and Joseph A. Palmer, Asst. Public Defender, DeLand, for petitioners/appellants.
No Appearance for respondents/appellees.
COBB, Judge.
An order of the circuit court ruling on a petition for writ of prohibition is a final appealable order in an original proceeding, and is not reviewable by certiorari. See Adams v. State ex rel. Eagan, 478 So.2d 1190 (Fla. 5th DCA 1985). Therefore, in accordance with Florida Rule of Appellate Procedure 9.040(c), the petition for writ of certiorari to review the circuit court's order dismissing a petition for writ of prohibition is treated as a notice of appeal and initial brief.
Pursuant to Florida Rule of Appellate Procedure 9.315(a), which allows the expedited affirmance of an appeal after the filing of an initial brief when no preliminary basis for reversal is demonstrated, the circuit court's order dismissing the petition for writ of prohibition is affirmed.
AFFIRMED.
W. SHARP, J., concurs.
THOMPSON, J., dissents with opinion.
THOMPSON, Judge, dissenting.
I agree with the court that the petition for writ of certiorari should be "treated as a notice of appeal and initial brief;" however, I would grant relief, reverse the circuit court's order, and remand with instructions to discharge the petitioner because this case is *1328 controlled by Agee[1] and its progeny.[2] I also dissent for the reasons set forth in Bryant v. State, 650 So.2d 68, 70-72 (Fla. 5th DCA 1994) (Thompson, J., dissenting), review denied, No. 85,335, ___ So.2d ___ (Fla. May 15, 1995). I would hold that the county court lost jurisdiction of the petitioner on the 91st day after his initial arrest. Therefore, as the trial court was deprived of jurisdiction, it could not order the petitioner to trial, but could only order that he be forever discharged.
The petitioner was arrested on 20 January 1994 on felony aggravated battery charges,[3] but the case was transferred to the county court. A complaint affidavit was filed on 10 February 1994. Pursuant to Florida Rule of Criminal Procedure 3.191(a), the state had 90 days from the date of arrest to try the petitioner, or until Wednesday, 20 April 1994. The case was transferred back to circuit court where an information was filed on 2 April 1994, again charging the petitioner with aggravated battery, a second-degree felony. The case languished in the circuit court until 18 October 1994, when the state's motion to transfer the case back to county court was granted. On 25 October 1994, the state filed an information charging the petitioner with battery, a first-degree misdemeanor.[4] The transfer was effected more than 278 days after the arrest and 103 days after the expiration of the felony speedy trial period, this period having expired on 14 July 1994.
The petitioner filed a motion for automatic discharge in the county court on 3 November 1994. The motion was granted on 18 November 1994; but, rather than granting an automatic discharge, the county court ordered that the petitioner be brought to trial within 15 days. On 29 November 1994, however, 313 days after the petitioner's arrest and before trial commenced, the petitioner filed a petition for writ of prohibition in the circuit court. Circuit Judge Watson dismissed the petition for writ of prohibition and lifted the stay. On 13 April 1995, the present petition was filed.
The petitioner argues that, because the state waited more than 90 days (actually more than 300 days) to try him after his initial arrest in the county court, the state's failure to try the petitioner is tantamount to the state entering a nolle prosequi or voluntarily dismissing the case. I agree. Under the rule articulated in Agee, the petitioner should be discharged. In Agee, the Florida Supreme Court held that, when the state enters a nolle prosequi, the speedy trial period continues to run and the state may not refile charges based on the same conduct after the period has expired. The court stated that "to allow the state to unilaterally toll the running of the speedy trial period by entering a nol pros would eviscerate the [speedy trial] rule." Agee, 622 So.2d at 475. In Williams v. State, 622 So.2d 477 (Fla. 1993), the court held that the "window of recapture" does not apply in such cases. The rule articulated in Agee and Williams has also been applied when the prosecution is voluntarily terminated by the state before charges are filed. See Genden v. Fuller, 648 So.2d 1183 (Fla. 1994) (state entered "no action" before formal charges were filed); Farina v. Perez, 647 So.2d 113 (Fla. 1994) (state voluntarily dismissed case before filing indictment or information). I see no difference in this case. To hold otherwise would allow the state to transfer cases with impunity between the circuit and county courts and thereby deprive defendants of their right to a speedy trial.
It could be argued that this case is controlled by our decision in Diaz v. State, 627 So.2d 125 (Fla. 5th DCA 1993). In Diaz, this court found that the automatic discharge rule in Agee was "predicated upon the rationale that where the speedy trial period expired prior to the refiling of the charge, the defendant was deprived by the state of [the] right to seek discharge at the end of the prescribed period of 175 days  hence, [t]he [defendant] was thereafter entitled to automatic discharge upon the refiling of the charge." *1329 Id. at 125. This court refused to apply the automatic discharge rule to Diaz because at the end of the 175-day period his case was pending in court and he had a procedural remedy of filing a motion for discharge and initiating the 15-day window period.
Diaz is not applicable to these facts. The petitioner had no procedural remedy because the case was not pending in the county court at the end of the 90-day speedy trial period. The fact that the case was pending in some court, the circuit court, did not afford the petitioner the opportunity to file motions in the county court, as the county court had no jurisdiction.[5] The county court did not reacquire jurisdiction until long after the 90-day speedy trial period expired.
When the case was transferred back to the county court, more than 278 days had expired from the date of the petitioner's arrest. The petitioner's case was not pending before the county court during the 90-day speedy trial period; therefore, he could not incept the 15-day rule. If we apply Diaz to the facts of this case, in order for the state to have benefit of the "window of recapture", the state should have refiled the case in the county court before the speedy trial expired, within the 90-day period following the initial arrest. The logic of the Diaz decision was that the court had jurisdiction to grant relief to Diaz, but that logic does not apply here. Once the 90-day period had expired, I would rule that the county court had no jurisdiction to try the case and no jurisdiction to entertain motions. Therefore, the county court could not conduct a hearing within five days of the petitioner filing a notice of expiration of speedy trial time or order the petitioner brought to trial within ten days after the hearing, even if the petitioner filed a motion. Fla.R.Crim.P. 3.191(p)(3). Because the county court could not provide a procedural remedy, the petitioner's motion for discharge should have been granted by the county court or his writ of prohibition granted by the circuit court.
As I view the case, it is on all fours with Agee and its progeny. They are similar in that the state unilaterally is attempting to toll speedy trial until it is convenient for the state to try the case. Whether by entering a nolle prosequi and refiling, by voluntarily terminating the prosecution before charges are filed, or by moving the case from county court to circuit court back to county court, the effect is the same: the petitioner is deprived of his right to a speedy trial. A ruling of the Florida Supreme Court supports this analysis.
The Florida Supreme Court recently has held that, even if the state attempts to file new charges arising from an arrest, where several other charges arising from that arrest have been nol prossed, Agee would apply. Reed v. State, 649 So.2d 227 (Fla. 1995). The court emphasized that the state cannot delay the running of speedy trial time by choosing to delay filing an information or indictment. The state's remedy when it is not ready to prosecute would be to file charges before speedy trial expires and to seek an extension of speedy trial time if necessary. Id. at 229; Fla.R.Crim.P. 3.191(l). To allow the state to circumvent the speedy trial rule by transferring the case from court to court has the same effect of tolling speedy trial. The state cannot be allowed to arrest in haste and prosecute in leisure. I would reverse and remand with instructions to grant the writ of prohibition and to discharge the petitioner.
NOTES
[1] State v. Agee, 622 So.2d 473 (Fla. 1993).
[2] Genden v. Fuller, 648 So.2d 1183 (Fla. 1994); Farina v. Perez, 647 So.2d 113 (Fla. 1994); Williams v. State, 622 So.2d 477 (Fla. 1993).
[3] § 784.045(1)(a)(1), Fla. Stat. (1993).
[4] § 784.03, Fla. Stat. (1993).
[5] The circuit court had exclusive original jurisdiction. § 26.012(2), Fla. Stat. (1993).