HARRIS, Judge.
Because this is a pure Agee issue, we grant the petition for writ of prohibition. William C. Mercer was arrested on these charges on March 1, 1993 and the information was filed on March 22, 1993. After Mr. Mercer was convicted for a similar offense and sentenced to life in prison, the State elected to file a nolle prosequi in the pending action. These charges were thus dismissed on January 27, 1994.
On June 9, 1995, because of a violation of the statute of limitations, this court reversed the conviction in the similar action which had been relied on by the State in dismissing the charges in this case. The State then elected to refile the same charges that it had previously dismissed against Mr. Mercer. After Mr. Mercer’s claim of a speedy trial violation was denied by the trial court, he filed this petition.
The supreme court held in State v. Agee, 622 So.2d 473, 474-475 (Fla.1993)[1]:
Florida’s speedy trial rule is contained in Florida Rule of Criminal Procedure 3.191 and requires the State to bring a defendant to trial within a time certain:
(a)(1) Speedy Trial Without Demand. Except as otherwise provided by this Rule, and subject to the limitations imposed under (b)(1) and (b)(2), every person charged with a crime by indictment or information shall be brought to trial ... within 175 days if the crime charged is a felony ... The time periods established by this section shall commence when such person is taken into custody
[[Image here]]
‡ ⅜ ⅜ # ⅜ ⅜
Based on the foregoing, we hold that when the State enters a nol pros, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired. (Footnote omitted).
Therefore our speedy trial rule, as interpreted by our supreme court, bars the prosecution of any charge, brought over the timely objection of the defendant, refiled after the running of the appropriate time period.
Although this court held in Bryant v. State, 650 So.2d 68 (Fla. 5th DCA 1995), that the speedy trial right can be waived, and was waived in Bryant, we recognized that without such waiver, charges filed after the running of the speedy trial rule cannot be prosecuted. There can be no question in this case but that Mr. Mercer asserted his right to speedy trial at every opportunity. We hold, therefore, that the trial court erred in not dismissing the State’s effort to prosecute this ease over a year after filing its nolle prosequi and long after the speedy trial period had run.
*572 The writ of prohibition is granted with instructions to dismiss the action.
DAUKSCH and THOMPSON, JJ., concur.

. Although there have been some technical amendments to the rule that was applied in Agee, the changes do not affect the result.