HENDRY, Judge.
The relator, State of Florida, has filed its petition in this court seeking a writ of prohibition directed to the respondent judge. A rule to show cause has been issued and the respondent has entered his return. The relator seeks to have Judge Stedman recused from a certain case pending in the Criminal Court of Record in and *143 for Dade County, Florida, such case being based on an indictment from the Dade County Grand Jury and necessarily involving the testimony of an immunized witness. The defendants in this case are Henry Milander and Morriss Wolfe, the case being numbered 70-360.
The relator’s position is that the above mentioned characteristics of this particular case would cause the respondent judge to be prejudiced toward the state in the proceedings because, according to an affidavit filed by an assistant state attorney,[1] Judge Stedman has made the following statement: “There is no such thing as a good grand jury indictment. They are all bad.” Moreover, the affidavits in support of the suggestion for writ of prohibition filed by three other members of the state attorney’s office show that those assistant state attorneys have heard Judge Stedman state that he is philosophically opposed to the granting of immunity and that he would not rely upon testimony of an immunized witness. See footnote 1, supra. In concluding its argument, the state contends that since the respondent judge has taken a position on certain policies, to-wit: grand jury indictments and immunized witnesses, he has thus disqualified himself to sit “on any cause affecting the issue he advocates”. In support of its position, the state relies heavily upon the principles of law contained in State ex rel. La Russa v. Himes, 1940, 144 Fla. 145, 197 So. 762.
The return to the rule to show cause presents two questions for our determination: (1) Does the respondent’s stated position that “there is no such thing as a good grand jury indictment — they are all bad” subject him to disqualification in this case? (2) Is the respondent judge subject to disqualification in this case, which necessarily calls for testimony from the immunized witnesses, on the basis that he is “philosophically opposed to the granting of immunity to a witness and that he would not rely upon the testimony of a potential defendant who has been immunized” ?
We must answer both questions in the negative. The above cited La Russa case, relied upon heavily by the state, presented a situation wherein the respondent judge there was seeking reelection and, during the course of his campaign, said that he would put people like La Russa away in Raiford, and that people like La Russa could not get a license to gamble and violate the lottery laws by paying a fine. The Supreme Court based its issuance of the writ of prohibition upon the obvious fact that the respondent judge in that case had already prejudged La Russa. The court, *144 basing its holding largely upon recognition of human nature, concluded that “[I]t is contrary to all human experience to contend that a judge under the circumstances stated may single out one charged or that may be charged with a crime and talk to the public about sending him to Raiford and then contend that the one singled out when haled before the judge for trial had no grounds for belief that the latter was prejudiced.” *
In the case sub judice, however, the utterances of the respondent judge were made not in regard to the case involving the instant defendants, supra, but were made during the course of another trial which occurred several months ago. The personal nature inherent in the singling out of an individual defendant, as was present in La Russa, supra, is absent in the instant case, and the remark complained of, relating to grand jury indictments, when considered in its proper context, appears more properly to be a statement of the judge’s philosophical position rather than his personalized prejudice which would preclude a fair trial to the defendants involved.
We do not subscribe to the view that a judge is necessarily disqualified because he has formed an opinion as to the legal questions involved in the case. We feel that the controlling principle of law may be found in the case of State ex rel. Sagonias v. Bird, Fla.1953, .67 So.2d 678. In the Bird case, the complained of public position taken by the respondent judge there pertained to that judge’s criticism of certain search and seizure decisions of the Florida Supreme Court. The relator in that case was about to be tried by Judge Bird for violation of the lottery laws, and he alleged that the judge’s prior statements evidenced a bias and prejudice against all persons so charged. The court, however, declined to issue the writ of prohibition and set forth its reasoning in these words:
“Obviously, the fact that a certain statute or principle of law may run counter to the personal views of the judge does not mean that he is disqualified to try a case involving such law or principle. The not uncommon statement in judicial opinions that ‘the courts are not concerned with the wisdom of legislation but only with the legislative power to enact it’ evidences the fact that judges are often called upon to — and do — uphold and enforce laws with which they may not be entirely in accord.”
None of the affidavits, including the one referring to Judge Stedman’s position on grand jury indictments, charged that the judge will refuse to follow the law.
As to the relator’s second grounds for contending that the respondent judge be disqualified from this case, we find the supporting affidavits to be lacking in the specificity upon which a writ of prohibition could be issued. See footnote 1, supra. Moreover, the above cited principles of law extracted from State ex rel. Sagon-ias v. Bird, supra, are equally applicable to the contention that the respondent judge could not render a fair and impartial trial involving the testimony of immunized witnesses.
The rule, therefore, is discharged.

. The pertinent portions of the affidavits filed in support of the relator’s suggestion are as follows:
Assistant State Attorney Durant deposed “ * * * That Judge Carling Sted-man is prejudiced against the State of Florida in this cause because Judge Sted-man has stated to your affiant, ‘There is no such thing as a good Grand Jury Indictment. They are all bad.’ ”
Assistant State Attorney Sepe deposed “ * * * That on the 19th of November, 1969, during the trial of the Case of State v. Gene Barron, et al., Judge Carling Stedman stated to Affiant that he is philosophically opposed to the granting of immunity to a witness and that he would not rely upon the testimony of a potential defendant who has been immunized.” Assistant State Attorney Dean deposed “ * * * That Judge Carling Stedman is prejudiced against the State of Florida in this cause because Judge Stedman has stated to your affiant, T don’t like immunity. I don’t believe in immunity.’ ” Assistant State Attorney Markowitz deposed that “To the best of Affiant's memory and knowledge Judge Carling Sted-man stated in the presence of your Af-fiant that he does not like the practice and concept of immunity, and that as an Assistant State Attorney, he followed a policy of refusing to grant immunity to witnesses.”
In reference to the latter affidavit, see the opinion authored by Justice Ervin in Dade County Bd. of Public Instruction v. Michigan Mutual Liab. Co., Fla. 1964, 169 So.2d 483, where he declined to recuse himself merely because, during the fifteen years he served as attorney general, he had expressed an opinion on an issue raised in the instant case.