633 So.2d 1183 (1994)
Ricardo GONZALEZ, Petitioner,
v.
The Honorable Barry E. GOLDSTEIN, Circuit Court Judge, 17th Judicial Circuit, in and for Broward County, Florida, Respondent.
No. 94-0088.
District Court of Appeal of Florida, Fourth District.
March 23, 1994.
*1184 Alan H. Schreiber, Public Defender, Stacey J. Pastel, Asst. Public Defender, and Steven Michaelson, Chief Asst. Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for respondent.
FARMER, Judge.
In Gonzalez v. State, 624 So.2d 300 (Fla. 4th DCA 1993), we reversed the sentence and remanded for resentencing within the guidelines. After our mandate was received by the trial judge, he told defense counsel in an authorized ex parte communication before the scheduled resentencing hearing that he would not listen to any evidence in mitigation of punishment and that he intended to resentence defendant to the maximum period allowable under the guidelines. Defendant promptly moved to disqualify the trial judge on the grounds of bias and prejudice, and the state conceded that the motion was legally sufficient. The court denied the motion but agreed to allow additional evidence and continued the hearing. Defendant now seeks a writ of prohibition from this court.
We grant the writ. A trial judge's announced intention before a scheduled hearing to make a specific ruling, regardless of any evidence or argument to the contrary, is the paradigm of judicial bias and prejudice. We could not imagine a more telling basis for a party to fear that he will not receive a fair hearing. See Fischer v. Knuck, 497 So.2d 240 (Fla. 1986).
Nor can we take seriously the state's response that in so announcing the judge "was merely doing his job" as commanded by our mandate. We instructed the judge to resentence within the guidelines. We did not, however, instruct him to impose the maximum sentence permitted by the guidelines. He was entirely free under our mandate to impose a period of punishment at the lowest end of the punishment scale. His announced intention to give the maximum regardless of anything from defendant cannot conceivably constitute mere compliance with our directions.
PROHIBITION GRANTED.
DELL, C.J., and PARIENTE, J., concur.