686 So.2d 694 (1996)
Shawn HAYES, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3640.
District Court of Appeal of Florida, Fourth District.
December 26, 1996.
Rehearing, Rehearing, Clarification, Certification and Stay of Mandate Denied January 29, 1997.
*695 Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellee.
Rehearing, Rehearing En Banc, Clarification, Certification and Stay of Mandate Denied January 29, 1997.
PER CURIAM.
Appellant appeals from the denial of his motions for disqualification of the trial judge. Appellant was before Judge Goldstein for violating his community control by failing to report upon his release from jail. He moved to disqualify the judge, asserting that he had a well-grounded fear that he would not receive a fair sentencing hearing based on a comment made by the judge to the effect that he would never sentence a defendant to time served on a violation of probation. The alleged comment was not specifically directed towards the appellant, but instead was made during a conversation between a public defender who represented another defendant and the trial judge. The comments were set forth in the affidavits of two attorneys who witnessed them. Judge Goldstein found appellant's motions to be legally insufficient, and sentenced appellant to 80 months in prison, with credit for time served, to be followed by 8 years of probation.
Our task on appeal is to determine the legal sufficiency of the motion based on whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial and sentencing proceeding. See Levine v. State, 650 So.2d 666, 667 (Fla. 4th DCA 1995). Because there had been no previous motion to disqualify a judge in the case, the trial judge was required to rule on the legal sufficiency of the motion, without passing on the truth of the facts alleged. Fla. R. Jud. Admin. 2.160(f). The motion filed by the appellant set forth the judge's comment regarding never sentencing a defendant to time served on a violation of probation, that the appellant was before the judge on a violation of community control, and that the "court is obviously predisposed to what sentence is appropriate if defendant is found guilty." Although appellant failed to allege that he would have been eligible for a sentence of time served, at the hearing he did request a downward departure sentence based on a valid ground for departure. See Franquiz v. State, 682 So.2d 536 (Fla. 1996) (trial court may consider state's prior agreement to a downward departure as a mitigating factor during resentencing). Thus, even though the low end of appellant's guidelines sentencing range was more than five years in state prison, appellant demonstrated that he was in the class of violators who might be affected by the judge's bias. Cf. State ex rel. State ex rel. Shelton v. Sepe, 254 So.2d 12 (Fla. 3d DCA 1971). As the court stated in Shelton:
A public pronouncement by a judge of his attitude regarding certain offenses for which persons will be tried before him and of a policy to be pursued by him regarding sentencing therefor is, at the least, ill advised. When a public statement so made is such as to indicate bias of the judge it can operate to disqualify him from hearing those matters, and could impair his usefulness proportionately.

Id. at 13 (emphasis supplied).
The state contends that because the comment was not specifically directed towards appellant, it should be assumed that the trial judge will fairly weigh the aggravating and mitigating circumstances unique to a defendant in determining an appropriate sentence. However, unlike State ex rel. Sagonias v. Bird, 67 So.2d 678 (Fla.1953), this is not a *696 case in which the trial judge was merely expressing his personal views on the law. In Sagonias, a judge's public criticism of recent supreme court opinions was held to be legally insufficient to support a motion for disqualification. The supreme court stated that the fact that the law runs counter to the judge's own views does not require disqualification because "judges are often called upon to and douphold and enforce laws with which they might not be entirely in accord." Id. at 680. In contrast to Sagonias, Judge Goldstein's alleged comment in this case suggests that he would never consider a certain sentencing option.
Further distinguishable is the case of State ex rel. Gerstein v. Stedman, 238 So.2d 615 (Fla.1970), in which the supreme court adopted the opinion of Judge Hendry in State ex rel. Gerstein v. Stedman, 233 So.2d 142 (Fla. 3d DCA 1970). Gerstein involved a motion for disqualification based on comments made by a trial judge during the trial of another defendant that he was philosophically opposed to the granting of immunity and that he would not rely on the testimony of an immunized witness. Gerstein, 233 So.2d at 143. Judge Hendry's opinion found the supporting affidavits to be lacking in the specificity upon which a writ of prohibition could be issued, and also noted that the principles of Sagoniasthat judges may uphold and enforce laws with which they disagreewere equally applicable to the contention that the judge could not render a fair and impartial trial involving the testimony of immunized witnesses. Id. at 144. The distinction between Gerstein and this case is that Judge Goldstein's comment was more than a statement of personal philosophy. His public pronouncement indicated his bias in refusing to consider a sentencing option that was among the range of sentencing options available to him in appellant's case. Cf. Shelton. Thus, Judge Goldstein's comment concerned the ultimate disposition of appellant's case.
This is not the first time we have been required to review Judge Goldstein's imprudent pronouncements. The comment in this case is similar to one made by Judge Goldstein in another case that "he had a policy requiring alleged violators of community control to be arrested and then sit in jail for a `first hearing.'" Mitchell v. State, 642 So.2d 1108, 1110 (Fla. 4th DCA 1994). We stated:
[W]e cannot refrain from noting that this particular judge apparently does not shrink from announcing fixed ideas on what he will do in a given case before he hears the evidence and argument of the parties in open court. See Gonzalez v. Goldstein, 633 So.2d 1183 (Fla. 4th DCA 1994) (same judge disqualified for announcing before hearing what the eventual sentence will be at forthcoming resentencing).
Id. at 1112. Although Mitchell also involved ex parte communications between Judge Goldstein and a community control officer, we stated that "a defendant could understandably fear that he will not receive a fair hearing" based on either ground. Id. In the Gonzalez case cited in Mitchell, Judge Goldstein had stated on resentencing that he would not listen to evidence in mitigation of punishment and that he intended to sentence the defendant to the maximum under the guidelines. Gonzalez, 633 So.2d at 1184. We stated:
A trial judge's announced intention before a scheduled hearing to make a specific ruling, regardless of any evidence or argument to the contrary, is the paradigm of judicial bias and prejudice. We could not imagine a more telling basis for a party to fear that he will not receive a fair hearing.
Id. (citation omitted). We agree with appellant that completely ruling out a minimum sentence before the evidence is heard is no different than ruling in a maximum sentence without hearing evidence. The trial judge therefore erred in denying appellant's motions for disqualification. We reverse and remand for reassignment to a different judge on remand.
GLICKSTEIN, WARNER and GROSS, JJ., concur.