WARNER, Judge.
We affirm the trial court’s order revoking appellant’s probation and his resulting sentence. We conclude that the trial court’s ruling was based upon the credibility of the testimony presented. We find no abuse of discretion.
Appellant also moved to disqualify the trial judge on the same grounds as were asserted in the recent case of Hayes v. State, 686 So.2d 694 (Fla. 4th DCA1996). In that case, we held that remarks by the trial judge that no one in his court would get time served on a violation of probation warranted disqualification of the judge in those proceedings. Id. at 696. However, we explained that the appellant in Hayes was in the class of probation violators who might be affected by the judge’s bias. Id. at 695. The appellant in Hayes had requested a downward departure sentence based on a valid ground for departure and thus time served might have been one sentencing option. Id.
In the instant case, appellant has not demonstrated that he would be affected by the judge’s alleged bias. At the original sentencing of appellant, as part of a plea, he had agreed to be treated as a habitual offender if he violated probation. Appellant’s sentencing guidelines scoresheet reflected that the low end of his recommended sentence without habitualization was three and a half years in state prison. Appellant made no argument for downward departure. Therefore, the record does not support a finding that appellant would be in the class of violators who could have been sentenced to time served on a violation of probation. Thus, the judge’s statements do not reflect a legally sufficient reason for disqualification in this case. We therefore affirm the trial court’s denial of the motion for disqualification.
POLEN, J., concurs.
STONE, J., concurs specially with opinion.