697 So.2d 175 (1997)
Roldolfo TORRES, Petitioner,
v.
STATE of Florida, Respondent.
No. 97-0303.
District Court of Appeal of Florida, Fourth District.
June 25, 1997.
Rehearing, Rehearing, Clarification, and Certification Denied August 14, 1997.
Alan H. Schreiber, Public Defender, and Diane M. Cuddihy, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for respondent.
Rehearing, Rehearing En Banc, Clarification, and Certification Denied August 14, 1997.
WARNER, Judge.
The petitioner moved to disqualify the trial judge on the exact same grounds which we held required disqualification in Hayes v. State, 686 So.2d 694 (Fla. 4th DCA 1996), rev. dismissed, 691 So.2d 1081 (Fla.1997). *176 The trial court denied the motion, which prompted this petition for writ of prohibition. We grant the writ.
Just as in Hayes, the petitioner was before the trial judge on a violation of community control. His motion to disqualify the judge recited that he had a well-grounded fear that he would not receive a fair sentencing hearing. He related a comment made by the judge in another proceeding that he would never sentence a defendant to time served on a violation of probation. This petitioner alleged that he qualified for time served if he were to be found in violation of his probation. Therefore, as we found in Hayes, the judge's bias would directly affect this defendant.
In response to our order to show cause, the state has argued on behalf of the judge that the statements attributed to the trial judge did not amount to personal bias against the petitioner and cites several federal cases which make a distinction between personal and judicial bias, recusal being required only for the former. However, we view the federal cases in conflict on this issue.
For instance, in United States v. Serrano, 607 F.2d 1145 (5th Cir.1979), the court noted that to be disqualifying the alleged bias or prejudice must be from an extrajudicial source. In that case, having had multiple experiences with cases involving drug trafficking, the trial judge stated that, although not abdicating his judicial discretion and review of each case, the judge intended "to deal as sternly as the law will permit in the future with anybody who is convicted in this court before me of the offense of importing contraband from anyplace outside the United States into the United States." Id. at 1149. The appellate court held that because the judge's predisposition to sentence severely stemmed from his observations in a judicial capacity as to the volume of cases in his court, it constituted non-disqualifying judicial bias. Id. at 1150. Significant to the determination was the trial judge's preface to his statement that explicitly committed him to the exercise of judicial discretion and the review of each case on its individual merits. Id. at 1149; see also United States v. Richards, 737 F.2d 1307 (4th Cir.1984).
The express commitment of the trial judge not to abandon the individualized sentencing considerations distinguished Serrano from United States v. Thompson, 483 F.2d 527 (3d Cir.1973), and United States v. Townsend, 478 F.2d 1072 (3d Cir.1973). In those cases, a trial judge was disqualified based on his comment in a hearing involving another defendant that it was his policy to sentence all selective service violators to thirty months in prison "if they are good people." The third circuit explained that although the policy statement was made in the context of an unrelated case, the bias was "personal" in that it was directed to defendants in a certain category of cases into which this defendant fell. Thompson, 483 F.2d at 529. It was not an allegation of judicial bias based upon the judge's feelings regarding a particular legal principle. Id. The court stated:
The distinction is important, for an allegation of "personal" bias is a proper basis for disqualification; an allegation of "judicial" bias is not. Defendant does not suggest that the personal bias of the judge arose from a prejudgment of the facts in the case before him. Rather, the alleged bias was directed against a class. We think the personal bias alleged was of such a nature and intensity to prevent the defendant, when convicted, from obtaining a sentence uninfluenced by the court's prejudgment concerning Selective Service violators generally.
Id.
That same distinction between personal and judicial bias is manifested in the Florida opinions, although it has not been expressly adopted. For instance, in State ex rel. Sagonias v. Bird, 67 So.2d 678 (Fla.1953), the court held that a judge's public criticism of a court opinion was legally insufficient to support a motion for disqualification. Such criticism of the law is judicial bias. Similarly, in State ex rel. Gerstein v. Stedman, 238 So.2d 615 (Fla.1970), statements by the trial judge that he was philosophically opposed to granting immunity to testifying witnesses constitutes a disagreement over the law, amounting to judicial bias not legally sufficient for disqualification.
*177 We continue to adhere to our opinion in Hayes and conclude that a judge's announced policy that no probation violator will be sentenced to time served amounts to legally sufficient grounds for disqualification because the policy personally affects the petitioner and places him in fear that he will not receive a fair sentencing hearing.
The writ of prohibition is granted. On remand, a new judge shall be assigned to hear further proceedings in this matter.
GLICKSTEIN and GROSS, JJ., concur.