PER CURIAM.
We grant this petition for writ of prohibition on the authority of Torres v. State, 697 So.2d 175 (Fla. 4th DCA 1997), and Hayes v. State, 686 So.2d 694 (Fla. 4th DCA 1996), rev. dismissed, 691 So.2d 1081 (Fla.1997), and quash an order denying a motion to disqualify the trial court judge.
We additionally note that the trial court here went beyond ruling on the facial sufficiency of the allegations and encouraged counsel to conduct an independent investigation by inquiring if counsel had spoken with a witness about certain comments by the judge that are the subject of this and the above opinions. The witness’ statement contradicts the allegations in Petitioner’s initial affidavit as to what the judge said on the earlier occasion that prompted the motions for recu-sal here and in other violation of probation cases. However, such inquiry by the court into the truth of the claims in Petitioner’s affidavit simply constitutes an additional ground requiring recusal. In ruling on the motion for recusal, the judge may not challenge, rebut, or evaluate the truthfulness of the sworn fact allegations. See Nathanson v. Nathanson, 693 So.2d 1061, 1062 (Fla. 4th DCA 1997); Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978); Clark Auto Leasing & Rentals, Inc. v. Lupo, 547 So.2d 1016, 1017 (Fla. 4th DCA 1989).
We remand for appointment of a successor trial judge.
STEVENSON and GROSS, JJ., concur.
STONE, C. J., concurs specially with opinion.