PER CURIAM.
The State of Florida appeals the juvenile court’s disposition order which constituted a downward departure from the commitment restrietiveness level recommended by the Department of Juvenile Justice [Department] following W.H.’s nolo contendere plea to two counts of armed robbery. The state also appeals the juvenile court judge’s denial of its motion to disqualify the judge. We conclude that we have jurisdiction to decide this appeal under section 39.052(4)(e)3, Florida Statutes (1995).
A review of the record shows that the evidence in this case does not support the reasons orally stated by the court for its downward departure from the restrietiveness level recommended by the Department. No evidence was presented to support the court’s finding that the crimes committed by the juvenile were not serious enough to justify the recommended restrictive disposition or that the juvenile did not need such restriction in order to be rehabilitated. Under these circumstances, the departure from the Department’s recommendation constitutes reversible error. See J.M. v. State, 677 So.2d 890, 893 (Fla. 3d DCA 1996); see also R.D.S. v. State, 696 So.2d 1188 (Fla. 1st DCA 1997); A.S. v. State, 667 So.2d 994 (Fla. 3d DCA 1996).
*702 We further find that under the circumstances, the state’s motion to disqualify the presiding judge was facially sufficient to show a well-founded belief that it could not receive a fair hearing and, thus, should have been granted. See Bundy v. Rudd, 366 So.2d 440 (Fla.1978); Hayes v. State, 686 So.2d 694 (Fla. 4th DCA 1996); Levine v. State, 650 So.2d 666 (Fla. 4th DCA 1995). Therefore, the disposition hearing on remand should be held before a different judge of the juvenile court.
Reversed and remanded for further proceedings consistent herewith.