HARRIS, Judge.
Billy Dozier, the possessor of a record of diverse content and extravagant length, pled guilty to Grand Theft Auto in 1996 under a plea agreement which provided for a probationary sentence. The trial court agreed to accept the negotiated plea under the condition that “the defendant understands if he violates the sentence of probation, he’ll be maxed out.” This was listed both as a part of the reason for the downward departure in the grand theft case and also appeared in a note written by the judge and included in the file. We are here because the defendant has now violated his conditions of probation.
Dozier moved to disqualify the judge because her note in the original file indicates that she has decided on a sentence if he is found guilty of violation of probation regardless of any evidence or argument that he might present to the contrary. The judge refused to disqualify herself and we affirm.
The judge did not dispute the fact that she wrote the note in the file to the effect that Dozier would be sentenced to the maximum if he violated probation. She reasoned, and we agree, that the requirement of a maximum sentence upon violation of probation was part and parcel of the agreement proffered by Dozier and the State and accepted by her in imposing probation in the first instance. The judge commented at the time she accepted the plea to grand theft that, based on his record, Dozier was receiving the “deal of the century.” It is apparent that the judge was willing to accept the negotiated arrangement only if Dozier agreed to the maximum sentence if he violated probation. It was up to Dozier to accept or reject the condition. He could have refused to agree and could have abandoned the negotiated agreement with the State. A trial was his option. He accepted the benefit of “this one last chance” and is now bound by the consequences. See Bentley v. State, 411 So.2d 1361 (Fla. 6th DCA), rev. denied, 419 So.2d 1196 (Fla.1982).
Dozier relies on Gonzalez v. Goldstein, 633 So.2d 1183 (Fla. 4th DCA 1994), (in which, after sentence was remanded for trial court to sentence within the guidelines, the judge announced that regardless of evidence of mitigation, he intended to sentence to the maximum. The judge was prohibited from proceeding with the sentencing.) Dozier also cites Hayes v. State, 686 So.2d 694 (Fla. 4th DCA 1996) where the judge’s statement that he “would never sentence a defendant to time served on a .violation of probation” was sufficient for disqualification. Because Dozier pre-accepted a maximum sentence upon violation of probation as a condition of his original sentence, those cases are distinguishable. The trial judge’s action in this case is not an act of judicial bias; it is fulfilling a commitment.
As to Dozier’s second point, the State concedes error. The combined length of the prison time and subsequent probation exceeds the maximum sentence for a third degree felony. We reverse the sentence and remand to the court to reduce the probationary period to fit within the five year limit.
AFFIRMED in part; REVERSED in part and REMANDED.
GRIFFIN, C.J., and DAUKSCH, J., concur.