KLEIN, Judge.
Petitioner seeks a writ of prohibition directed to an order denying his motion to disqualify the trial judge. The basis of the motion to disqualify was that the trial judge had announced the sentence he would impose before petitioner’s hearing on revocation of probation took place. Hayes v. State, 686 So.2d 694 (Fla. 4th DCA 1996) and cases cited therein.
The material portions of the petition for writ of prohibition allege:
1. On January 22, 1998, Petitioner was before the Court for a pretrial conference.
2. At the hearing, the undersigned told the Court that more time was needed to discuss the offer of settlement with Petitioner.
3. The Court reached for the Court file and after reviewing it stated on the record that Petitioner’s sentence, if convicted, would be thirty-six (36) months for Violation of Probation.
4. For Violation of Probation petitioner eould receive thirty-three (33) to fifty-five (55) months Department of Corrections.
5. Fla. Stat. 948.06 alows a trial court to modify or continue probation, rather than revoke and sentence a violator to anything s/he could have received when the plea was entered.
6. Because Judge Philips has announced Petitioner’s sentence prior to the presentation of any evidence and Petitioner’s elgibilty to receive modification or continuation of his probation, the Court’s denial of the motion to disqualify was error and should be overturned. See Torres v. State, 697 So.2d 175 (Fla. 4th DCA 1997)(Judge’s announced polcy that no probation violator would receive time served held to be sufficient grounds for disqualification because defendant was eligible for time served settlement.)
In Hayes we quoted from our opinion in Gonzalez v. Goldstein, 633 So.2d 1183, 1184 (Fla. 4th DCA 1994), as follows:
A trial judge’s announced intention before scheduled hearing to make a specific ruling, regardless of any evidence or argument to the contrary, is the paradigm of judicial bias and prejudice. We could not imagine a more telling basis for a party to fear that he will not receive a fair hearing.
The case cited in the petition for writ of prohibition, Torres v. State, 697 So.2d 175 (Fla. 4th DCA), rev. denied, 703 So.2d 477 (Fla.1997) was factually identical to Hayes (trial judge made statements that he never sentences defendants to time served on violations of probation).
We find the present ease distinguishable from the above cases. As the allegations which we quoted reflect, the petitioner was asking the court for more time in order to discuss a plea offer with the state, and in response, the court reviewed the file and *690 stated that he would sentence the petitioner to thirty-six months if there was a violation. Neither the petitioner nor the state have furnished us with a transcript, although they have both addressed the lack of one. We are unwilling, on the basis of this record, to interpret the characterization of what the judge said to be the equivalent of the conduct we condemned in Hayes and the cases cited therein. See Ellis v. Henning, 678 So.2d 825 (Fla. 4th DCA 1996), rev. denied, 699 So.2d 1373 (Fla.1997)(without a transcript or sworn factual allegations showing the context in which the trial judge’s criticism of law firm was made, allegations in motion to disqualify were not legally sufficient). We therefore deny the petition for writ of prohibition.
GUNTHER and TAYLOR, JJ., concur.