717 So.2d 1076 (1998)
David LUSSKIN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4072.
District Court of Appeal of Florida, Fourth District.
August 26, 1998.
*1077 H. Dohn Williams, Jr. of H. Dohn Williams, Jr., P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
David Lusskin appeals an order denying his motion to mitigate sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(c). Such an order is not appealable. Moya v. State, 668 So.2d 279 (Fla. 2d DCA 1996) and cases cited therein.
In his brief, Lusskin does not complain about the merits of the denial of the motion to mitigate, but rather limits his argument to his motion to disqualify the trial judge, which was denied in the same order which denied the motion to mitigate. The ground of the motion to disqualify was that, although the trial judge had presided over the trial and had imposed the sentence, the judge had since been transferred to probate, and should not be able to choose which motions he would rule on in cases which had previously been assigned to him in the criminal division. Although the denial of the motion to mitigate is not appealable, the order denying disqualification is reviewable under this court's jurisdiction to issue writs of prohibition. Pressey v. State, 710 So.2d 688 (Fla. 4th DCA 1998).
The trial judge properly denied the motion to disqualify, because the judge who presided over the trial should, if possible, determine the motion to mitigate. See Fla. R.Crim.P. 3.700(c)(1)(if sentence is to be pronounced by judge who did not preside at trial, the judge must become "acquainted with what transpired at the trial.").
We therefore deny prohibition and dismiss the appeal.
GLICKSTEIN and WARNER, JJ., concur.