746 So.2d 486 (1999)
Jared Leroy DOUGHERTY, Petitioner,
v.
STATE of Florida, Respondent.
No. 99-03179.
District Court of Appeal of Florida, Second District.
August 27, 1999.
Rehearing Denied November 4, 1999.
*487 Robert Dillinger, Public Defender, and Michael D. Fluke, Assistant Public Defender, Clearwater, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
Jared Leroy Dougherty filed a petition for writ of prohibition seeking to disqualify the Honorable Brandt C. Downey, III, from presiding over his upcoming trial for first-degree murder. By prior unpublished order we denied the petition with prejudice, but advised that this opinion would follow. The petition is based on Judge Downey's public criticism of a jury's verdict of acquittal in one unrelated criminal case involving a different defendant, Johnny Lee Nathan. Although we deplore Judge Downey's inappropriate comments in the Nathan trial, we find they do not warrant his disqualification from this case.
Judge Downey made the following remarks after the jury returned its verdict of acquittal in the Nathan case:
Ladies and gentlemen, I'm not sure what happened here. Obviously you didn't believe something.
Law enforcement is on the street every day doing their job. They see something like this and they only assume one thing. Not that it's important now, but you need to understand that Mr. Nathan has been to prison four times in his life; twice for robbery and once for sales and possession of cocaine. He is a professional drug dealer, and it's unfortunate that you didn't see through the defense argument and convict him.
He's twice been sentenced as a career criminal and had he been found guilty by you in this particular case he'd have gone to prison for 30 years and spent the rest of his life in prison, because that's where he belongs.
He is a professional crook. He committed his first crime in 1968, and whenever he has not been in prison he has been committing crimes from robbery to burglary to selling drugs, and it's unfortunate that you just didn't believe the officers when they told you what they saw.
Unfortunately folks, I am very disappointed in the decision that you reached, and I don't normally say that because I know that you think that you are doing the right thing. You're thinking that the State didn't prove its case. The Officer told you what happened, and that's all that was necessary. He saw what happened, and he told you the truth, and it's unfortunate that you didn't think that was enough to convict this career criminal and send him to prison where he belongs. The only good thing about this case is that we will see Mr. Nathan again when he commits his next crime, and we will put him where he belongs.
Dougherty asserts that these comments demonstrate Judge Downey's bias in favor of law enforcement and the prosecution. Dougherty fears that, as a result, he will not receive a fair trial before this judge. Because the judge's comments received local media coverage, Dougherty also fears that the jurors on his case may have their impartiality compromised by concern that *488 a verdict of not guilty will result in their being criticized by the judge.
We find that, so long as jury selection is conducted in accordance with this opinion, none of these concerns legally warrants Judge Downey's disqualification in this case. Judge Downey's comments, while ill-advised, do not demonstrate that this judge would be unable to dispose of this case fairly and without prejudice.[1]
Read in context, the comments of Judge Downey were directed at Mr. Nathan and at the evidence presented in that case. These comments would clearly warrant Judge Downey's disqualification in further proceedings involving Mr. Nathan. See State ex rel. La Russa v. Himes, 197 So. 762 (Fla.1940) (holding judge's comment made during reelection campaign that he would "put people like Philip La Russa and his associates away in Raiford" warranted judge's disqualification in subsequent case where La Russa was the defendant). They, however, do not warrant his disqualification in this case. See State ex rel. Gerstein v. Stedman, 233 So.2d 142 (Fla. 3d DCA) (holding judge's comment, made during another trial, that he was philosophically opposed to granting of immunity and would not rely upon testimony of immunized witness, did not warrant disqualification where comment was not specifically directed at any defendant in the current case), approved, 238 So.2d 615 (Fla.1970).
Dougherty's concern over the tainting of prospective jurors due to their fear of criticism from the judge can be adequately addressed at voir dire. We recognize that questions broaching this subject might educate potential jurors, who were previously unaware of Judge Downey's comments, about those comments. This could cause prejudice that would otherwise not exist. To prevent this from happening, we conclude that Judge Downey must allow individual voir dire on this issue. Counsel, in conducting individual voir dire outside the presence of the remaining jury pool, shall be entitled to determine whether each juror has knowledge of Judge Downey's improper comments, as well as the extent of that knowledge. Individual voir dire should be limited to that issue, and counsel shall be given wide latitude to fully explore the impact, if any, of that knowledge on each individual. If a potential juror indicates that his or her decision may be influenced due to Judge Downey's comments in the Nathan case, those individuals may, upon challenge, be excused for cause from further service in this case.[2]
Finally, we would be remiss if we failed to express our view that Judge Downey's actions in the Nathan case constitute a flagrant violation of Canon 3(B)(10) of the Code of Judicial Conduct. We accordingly refer this matter to the Judicial Qualifications Commission for any action that commission may deem appropriate.
Petition denied with prejudice; matter referred to the Judicial Qualifications Commission.
PARKER, A.C.J., and ALTENBERND and CASANUEVA, JJ., Concur.
NOTES
[1] We decline to address Dougherty's timeliness argument because we conclude the trial court did not actually rule that his motion to disqualify was untimely. Although the order discusses this issue, the trial court based its decision on the legal insufficiency of the motion's factual allegations.
[2] This opinion addresses only Dougherty's petition to overturn the order of Judge Downey denying Dougherty's motion for disqualification. However, it would seem prudent for Judge Downey, in all criminal cases over which he presides for at least the next ninety days, to permit the same individual voir dire set forth in this opinion.