ORFINGER, R. B„ J.
Charles Edward Foy seeks review of the denial of his motion seeking disqualification of the trial judge. Foy contends that the trial judge erred by denying his legally sufficient motion for disqualification. We affirm.
Foy was charged with, and pled nolo contendere to one count of sexual activity with a child by a person in familial or *705 custodial authority in violation of section 794.011(8)(b), Florida Statutes (2000). Fo/s plea agreement with the State contemplated a sentencing hearing with the trial court imposing a sentence of no more than ten years in prison, followed by ten years of sex offender probation. Judge Robert K. Mathis conducted the sentencing hearing at which Foy and several witness spoke both for and against Foy’s incarceration. At the conclusion of the hearing, Judge Mathis adjudicated Foy guilty, and sentenced him to ten years in prison, followed by ten years of sex offender probation, the maximum authorized under the plea agreement. Twenty-two days after the sentencing hearing, Foy filed a verified motion seeking to disqualify Judge Mathis, citing statements made by Judge Mathis at the sentencing hearing. Several days later, Foy filed a “Motion to Vacate Sentence, Reconsider Sentence, and Re-sentence Defendant,” citing as a basis, his motion to disqualify Judge Mathis.[1] Judge Mathis denied the motion to disqualify, finding it to be “legally insufficient and untimely filed.” Because we agree that the motion is legally insufficient, we need not address the issue of its timeliness.
Foy alleged in his motion to disqualify that certain comments made by Judge Mathis at the sentencing hearing demonstrate bias. The comments complained of were:
The sad thing in this case is not ... just that Mr. Foy has ruined his life and it’s not just that he’s ruined this victim’s life, and it’s not his fault, this particular part of it is not his fault. I have to agree with the State, the letter that Ms. Parks wrote, that she wrote directly to me and I put in the court file and sent copies out, was a perfect example of someone who has no idea what she’s talking about and writes letters saying, this man didn’t do anything; you can’t believe this child, and this is terrible.
And you know, the sad thing in this case is that this child is the real victim. She is not just a victim of Mr. Foy, she is a victim of the people that are supporting Mr. Foy. She is a victim of her mother, who chose to stay with Mr. Foy instead of taking care of her daughter. ...
But I’m not sentencing Mr. Foy for what they did. I can’t. I can’t consider that when I consider a sentence.
I have to also agree with the State that there is no cure for pedophilia. And if you get one of these doctor’s aside who treats pedophiles and you get them in a place where they’re not testifying and they’re talking to you as a human being, they will tell you, we can’t make them stop doing it, only they can make themselves stop, and the treatment doesn’t do a bit of good. Someone that will do something like this to a child, you can’t sit him down and getting counseling sessions and make him not do it again.
Mr. Foy, I’m sorry that you ruined your life. I’m sorry that you ruined this child’s life. And I wish that there was some sentence that I could craft [that] would ensure protection of society other than what I’m crafting. I’m not sure that this will even do it.
A motion to disqualify a judge must establish a fear on the part of the movant that he or she will not receive a fair and impartial hearing. See Quince v. State, 592 So.2d 669, 670 (Fla.1992). The motion “ ‘must be well-founded and contain *706 facts germane to the judge’s undue bias, prejudice, or sympathy.’ ” Rivera v. State, 717 So.2d 477, 480-81 (Fla.1998) (quoting Jackson v. State, 599 So.2d 103, 107 (Fla.1992)). In determining whether a motion is legally sufficient, this court looks to see whether the facts alleged would place a reasonably prudent person in fear of not receiving fair and impartial treatment from the trial judge. Johnson v. State, 769 So.2d 990 (Fla.2000).
Foy argues his motion was legally sufficient and cites Torres v. State, 697 So.2d 175 (Fla. 4th DCA), rev. denied, 703 So.2d 477 (Fla.1997), which held that a trial judge’s announced policy that no probation violator would be sentenced to time served as a legally sufficient grounds for disqualification. Foy asserts that the trial judge’s comments — “there is no cure for pedophilia”; and “treatment doesn’t do a bit of good” — are similar to the comments made in Torres and are sufficient to create a reasonable and well-grounded fear that the trial judge was biased against the class of persons who commit sexual acts on a child. Foy further contends that the comments evidence the trial judge’s determination to give him the maximum sentence regardless of the testimony presented at the sentencing hearing. We disagree. Torres is distinguishable from the instant case. Here, the trial judge commented on the nature of pedophilia and the treatment thereof. No statement was made regarding any standard sentencing policy for those individuals charged with committing sexual acts on minors. By contrast, in Torres, the trial judge specifically announced a strict policy regarding sentencing all defendants for probation violations.
The fear of judicial bias must be objectively reasonable. State v. Shaw, 643 So.2d 1163, 1164 (Fla. 4th DCA 1994). The subjective fear of a party seeking the disqualification of a judge is not sufficient. Kowalski v. Boyles, 557 So.2d 885 (Fla. 5th DCA 1990). Rather, the facts and reasons given for the disqualification of a judge must tend to show personal bias or prejudice. Levine v. State, 650 So.2d 666, 667 (Fla. 4th DCA 1995). Viewed in this light, the allegations made in Foy’s motion for disqualification of the trial judge are insufficient.[2]
AFFIRMED.
COBB and PETERSON, JJ., concur.

. The legal efficacy of the "Motion to Vacate Sentence, Reconsider Sentence and Resen-tence Defendant” is not an issue in this appeal. Accordingly, we express no opinion as to whether such motion is an authorized motion, and, if authorized, meritorious.

. See also Jones v. State, 446 So.2d 1059, 1061 (Fla.1984) (holding that sentencing judge's comments that the evidence against the defendant was "almost overwhelming” and that the defendant’s attorney had done a "remarkable job” were not such as would disqualify the judge from hearing subsequent matters on the case).