PER CURIAM.
Petitioner, Glenda Martinez, petitions for writ of prohibition to prevent the trial judge from presiding over further proceedings in the guardianship of the petitioner’s spouse, for whom she is the designated healthcare surrogate. We grant the petition.
The substantive test for whether a motion to disqualify is legally sufficient is “whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial.” Santisteban v. State, 72 So.3d 187, 193 (Fla. 4th DCA 2011). “It is not a question of what the judge feels, but the feeling in the mind of the party seeking to disqualify and the basis for that feeling.” Corie v. City of Riviera Beach, 954 So.2d 68, 70 (Fla. 4th DCA 2007). It must, however, be objectively reasonable. Foy v. State, 818 So.2d 704, 706 (Fla. 5th DCA 2002). The reasons for disqualification must also show personal bias or prejudice to the litigant.’ Levine v. State, 650 So.2d 666, 667 (Fla. 4th DCA 1995).
We have reviewed the verified motion and the transcript of proceedings on which the motion was based. We conclude that the judge’s acts of ejecting petitioner from the courtroom, later striking her testimony on the basis of a perceived insult to him, and his comment that petitioner’s entire demeanor, including that “her face, her voice, her sound, maybe unpleasant to everyone else,” save the ward, would lead any reasonably prudent person to fear that she would not receive a fair hearing before the judge. See, e.g., Colarusso v. Colarusso, 20 So.3d 985, 986 (Fla. 3d DCA 2009).
Although respondent contends that a judge’s comments in the course of attempting to control the courtroom are ordinarily not legally sufficient to require disqualification, see Braddy v. State, 111 So.3d 810, 833-34, 2012 WL 5514368 (Fla. Nov. 15, 2012), we conclude that the judge’s actions as well as his personal comments about petitioner, when taken in combination, far exceeded comments or actions necessary to control his courtroom and were sufficient to evidence to a reasonable person bias requiring disqualification, even if the judge may have felt that he had no bias.
Therefore, we grant the petition but withhold the formal issuance of the writ, as we are sure that the trial judge will act in conformance with this opinion and remit his disqualification so that the matter may be assigned to a different judge.
MAY, C.J., WARNER and CONNER, JJ., concur.