DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PUBLIX SUPER MARKETS, INC.,** and
**RANDOLPH SAPP,**
Petitioners,

v.

**MONICA OLIVARES,** individually, and as Personal Representative of the
**ESTATE OF ALBERTO OLIVARES,**
Respondent.

No. 4D19-2202

[April 8, 2020]

Petition for writ of prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. CACE18-006314.

Edward G. Guedes and Adam M. Hapner of Weiss Serota Helfman Cole and Bierman, P.L., Coral Gables, for petitioner Publix Supermarkets, Inc.

Cindy J. Mishcon of Lewis Brisbois Bisgaard & Smith LLP, Fort Lauderdale, for petitioner Randolph Sapp.

Raymond Valori, Michael Freedland and Melissa Gunion of Freedland Harwin Valori, P.L., Fort Lauderdale, and Kara Rockenbach Link and Daniel M. Schwarz of Link & Rockenbach, P.A., West Palm Beach, for respondent.

*ON MOTION FOR REHEARING AND MOTION FOR REHEARING EN BANC*

PER CURIAM.

We grant the motion for rehearing, deny the motion for rehearing en banc, vacate our prior opinion, and substitute the following in its place.

Petitioners, Publix Supermarkets and Randolph Sapp, (collectively referred to as Publix), bring this petition for writ of prohibition to disqualify the trial judge in this wrongful death action against it. The suit arises from a fatal collision involving a Publix tractor trailer whose driver was

using his cell phone with a hands-free device at the time of the crash. Publix claims that the judge's comments, at a hearing on the respondent's motion to add a claim for punitive damages, showed that the judge was biased against its position, that the hands-free use of a cell phone while driving, or a policy permitting such use, does not justify punitive damages, because cell phone use while driving is not prohibited by law. The judge indeed made multiple comments showing his predisposition that cell phone use while driving, even if legal, is dangerous and should not be allowed. Nevertheless, the judge denied Publix's motion to disqualify.

We conclude that Publix's motion to disqualify was legally sufficient. A motion to disqualify is legally sufficient and must be granted if the facts alleged "would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial." *Gregory v. State*, 118 So. 3d 770, 778 (Fla. 2013) (*quoting Rodriguez v. State*, 919 So. 2d 1252, 1274 (Fla. 2005)). Here, the trial judge's multiple comments denigrating Publix's position regarding its cell phone policy would create fear in a reasonable person that Publix would not receive a fair trial. The judge's comments tended to show a disdain not only for Publix's legal position but for the company's lack of a policy prohibiting cell phone use while driving. Thus the judge exhibited a bias against Publix, and the judge should have disqualified himself.

*Petition granted.*

MAY and CIKLIN JJ., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

I would deny the petition. *See State ex rel. Gerstein v. Stedman*, 233 So. 2d 142, 144 (Fla. 3d DCA), *opinion adopted*, 238 So. 2d 615 (Fla. 1970) ("We do not subscribe to the view that a judge is necessarily disqualified because he has formed an opinion as to the legal questions involved in the case.").

\*    \*    \*