975 So.2d 1073 (2008)
Thomas C. SUTTON, et al., Petitioners,
v.
STATE of Florida, Respondent.
No. SC06-1000.
Supreme Court of Florida.
January 31, 2008.
*1074 Michael Ufferman of the Law Firm of Michael Ufferman, P.A., Tallahassee, FL, for Petitioners.
Bill McCollum, Attorney General, Robert R. Wheeler, Trisha Meggs Pate, and Bryan Jordan, Assistant Attorneys General, Tallahassee, FL, for Respondent.
LEWIS, C.J.
We have for review Sutton v. State, No. 1D05-5922 (Fla. 1st DCA Apr. 20, 2006), which expressly and directly conflicts with the decisions in Housing Authority of Tampa v. Burton, 873 So.2d 356 (Fla. 2d DCA 2004), Pinfield v. State, 710 So.2d 201 (Fla. 5th DCA 1998), and Guzzetta v. Hamrick, 656 So.2d 1327 (Fla. 5th DCA 1995). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.[1] We approve the decision *1075 under review for the reasons provided in our analysis.

FACTUAL AND PROCEDURAL HISTORY
The instant action arises from the order issued in Sutton. In the county court, the petitioners[2] filed identical motions to disqualify a trial court judge based upon the alleged bias of the judge toward the petitioners' attorneys, which was alleged to have been demonstrated during a single hearing. The trial judge was presiding over the misdemeanor criminal cases of the petitioners. The motions to disqualify were denied. The petitioners subsequently requested that the circuit court issue writs of prohibition in each case to direct the county court judge to take no further action. The circuit court denied the petitions for writs of prohibition. The petitioners then immediately filed notices of appeal to seek review of the circuit court's denial of the petitions for writs of prohibition, rather than waiting until the conclusion of their trials (for the misdemeanor criminal charges) to seek review. On December 22, 2005, the First District issued an order to show cause why the notices of appeal should not be considered petitions to invoke certiorari jurisdiction. After the parties presented their respective positions, the First District issued multiple orders on April 20, 2006, with regard to this matter. The order in Sutton contained only the following language:[3]
Upon the Court's own motion, the appeal is hereby redesignated as invoking the Court's certiorari jurisdiction. See State v. Frazee, 617 So.2d 350 (Fla. 4th DCA 1993) (reviewing circuit court order on petition for writ of prohibition by petition for writ of certiorari); but see *1076 Guzzetta v. Hamrick, 656 So.2d 1327 (Fla. 5th DCA 1995) (reviewing circuit court order denying prohibition by appeal). The petitioner shall have 20 days from the date of this order within which to file a petition which conforms to the requirements of Florida Rule of Appellate Procedure 9.100. The petition shall be accompanied by an appendix which complies with Florida Rule of Appellate Procedure 9.220.
No. 1D05-5922. On April 24, 2006, the First District consolidated the eleven cases "for all appellate purposes." On June 16, 2006, the First District denied the petitioners' motion to certify conflict and motion to conduct a rehearing en banc with regard to the issue of whether an order denying a petition for writ of prohibition is reviewable by appeal or certiorari. On January 19, 2007, this Court accepted discretionary jurisdiction to resolve the conflict between the instant case and Burton, Pinfield, and Guzzetta.

ANALYSIS
The single issue under review is whether a circuit court's order on a petition for writ of prohibition in this context is reviewable by appeal or certiorari. This is a pure question of law that is subject to de novo review. See Engle v. Liggett Group, Inc., 945 So.2d 1246, 1259 (Fla. 2006) (concluding that a de novo standard of review is proper for a question of law) (citing D'Angelo v. Fitzmaurice, 863 So.2d 311, 314 (Fla.2003)); see also Smith v. Smith, 902 So.2d 859, 861 (Fla. 1st DCA 2005) ("The standard of review regarding the trial court's construction of the rules is de novo.").
Petition for Writ of Prohibition in Circuit Court
As a preliminary matter, it should be noted that the petitioners properly utilized petitions for writs of prohibition to seek review in the circuit court of the denials of the motions to disqualify the trial judge. In Florida, circuit courts have original jurisdiction under certain circumstances to do the following:
(3) Original Jurisdiction. Circuit courts may issue writs of mandamus, prohibition, quo warranto, common law certiorari, and habeas corpus, and all writs necessary to the complete exercise of the courts' jurisdiction.
Fla. R.App. P. 9.030(c)(3) (footnote omitted). A writ of prohibition is available only where there is no other "appropriate and adequate legal remedy." S. Records & Tape Serv. v. Goldman, 502 So.2d 413, 414 (Fla.1986) (citing English v. McCrary, 348 So.2d 293 (Fla.1977)). "[A] defendant cannot resort to a writ of prohibition where he [or she] has an adequate remedy via appeal." Sparkman v. McClure, 498 So.2d 892, 895 (Fla.1986) (citing State ex rel. Turner v. Earle, 295 So.2d 609 (Fla. 1974); State ex rel. Schwarz v. Heffernan, 142 Fla. 137, 194 So. 313 (1940); Benton v. Circuit Court for Second Judicial Circuit, 382 So.2d 753 (Fla. 1st DCA 1980)).
Furthermore, notwithstanding that prohibition is generally available only to prevent courts from acting when there is no jurisdiction to act (rather than to prevent an erroneous exercise of jurisdiction), see Goldman, 502 So.2d at 414 (citing English, 348 So.2d 293), prohibition is also clearly recognized as the proper avenue for immediate review of whether a motion to disqualify a trial judge has been correctly denied. See Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978) ("Once a basis for disqualification has been established, prohibition is both an appropriate and necessary remedy.") (citing Brown v. Rowe, 96 Fla. 289, 118 So. 9 (Fla.1928)); Dep't of Pub. Safety v. Koonce, 147 Fla. 616, 3 So.2d 331, 334 (1941); State ex rel. Bank of America *1077 v. Rowe, 96 Fla. 277, 118 So. 5, 8 (1928) ("Prohibition may be an appropriate remedy to prevent judicial action, when the judge is disqualified, as well as when the judge is without jurisdiction in the cause.").
In the instant case, the petitioners' decision to petition for writs of prohibition to review the denial of the motions to disqualify was the correct avenue of review for multiple reasons. This Court has recognized that prohibition is a proper remedy to seek review of the denial of a motion to disqualify, and we have implicitly recognized in this context that the petitioners would not have an adequate remedy through direct appeal at the conclusion of the trial. The need for immediate review after a denial of a motion to disqualify arises due to practical considerations. On a motion to disqualify, the same judge who allegedly is biased is the one who rules on the motion. Thus, this ruling should be immediately reviewable because it could be erroneously denied in numerous situations in which a trial by that biased judge should have been avoided altogether. Moreover, the petitioners here did not have an adequate alternative remedy for immediate review with an appeal because they could not seek an interlocutory appeal under these circumstances. Under Florida Rule of Appellate Procedure 9.030, nonfinal orders of the county courts may be reviewed on appeal by a district court of appeal only if the county courts have certified them to be of great public importance. See Fla. R.App. P. 9.030(b)(4)(B). Additionally, the petitioners could not seek an interlocutory appeal in the circuit court. Under Florida Rule of Appellate Procedure 9.140, which governs appeal proceedings in criminal cases, only the state is allowed to appeal to the circuit court the nonfinal orders issued in the county court. See Fla. R.App. P. 9.140(c)(2). Here, it was the defendants who sought review of the trial court's order of denial.
Petition for Writ of Prohibition Serves Similar Function as a Direct Appeal
Immediate review of a county court ruling in a petition for writ of prohibition to the circuit court serves a function similar to a direct appeal, but is discretionary in nature. Notwithstanding that a petition for writ of prohibition is technically an original proceeding, see Fla. R.App. P. 9.030(b)(3), its function is to seek review of the action by the lower court to ensure that the lower court is not acting without jurisdiction or has not erroneously denied a motion to disqualify. See State ex rel. Associated Utils. Corp. v. Chillingworth, 132 Fla. 587, 181 So. 346, 348 (1938) ("Proceedings by mandamus, quo warranto, habeas corpus, certiorari and prohibition are original in their nature, though they may be invoked to perform functions that are appellate in their nature." (emphasis supplied)). Here, a remedy in an interlocutory appeal was not available, but a remedy in prohibition was available as an alternative for such circumstances even though it is discretionary in nature and not a matter of right.
As the petitioners correctly argue, a petition for writ of prohibition is technically sought to prevent the judge from proceeding further in the action, rather than to correct legal error, due to its status as an original proceeding. See Sparkman, 498 So.2d at 895. Although this distinction is correct in a formalistic sense, from a functional perspective, this writ provides the opportunity for review of the allegedly erroneous action of the lower court. Thus, although the mechanics may differ, the two avenues of review by direct appeal (either an interlocutory appeal or an appeal at the trial's conclusion) and discretionary review by petition for writ of prohibition may *1078 operate in functionally the same manner if review is accepted.
The fact that a writ of prohibition is a discretionary writ, see Topps v. State, 865 So.2d 1253, 1257 (Fla.2004) ("Since the nature of an extraordinary writ is not of absolute right, the granting of such writ lies within the discretion of the court."), does not render it completely distinguishable from a direct appeal, which is guaranteed as a matter of right in this context. See Amendments to the Fla. Rules of Appellate Procedure, 685 So.2d 773, 774 (Fla. 1996) (discussing that article V, section 4(b)(1) of the Florida Constitution should be interpreted as providing a constitutional protection of the right to appeal). When a court acts without jurisdiction or the trial judge has erroneously denied a motion to disqualify, the higher court reviews the allegations and has discretion with regard to whether to grant the writ, which necessitates consideration of the substance of the petition. The discretion exercised when a petition for writ of prohibition is denied in this context is analogous to consideration of issues on an appeal before a decision is rendered. Moreover, if the circuit court in the instant case had determined that the motion for disqualification was erroneously denied by the county court, the circuit court would have granted the writ of prohibition in its review capacity. See Bundy, 366 So.2d at 442 ("Once a basis for disqualification has been established, prohibition is both an appropriate and necessary remedy." (emphasis supplied)) (citing Brown, 96 Fla. 289, 118 So. 9). Thus, notwithstanding that a writ of prohibition is a discretionary writ, we conclude that review through a petition for writ of prohibition in this context and review in direct appeal are functionally the same with regard to the next step, if any, in a review process.
No matter what serves as the underlying basis for the petition for writ of prohibition, the court ruling on that petition in this context will undertake a similar analysis to that conducted by a court on direct appeal. This clearly supports that an order on a petition for writ of prohibition is reviewable by certiorari. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 526 n. 4, 530 (Fla.1995) ("There are societal interests in ending litigation within a reasonable length of time and eliminating the amount of judicial labors involved in multiple appeals. . . . As a case travels up the judicial ladder, review should consistently become narrower, not broader.").
Sheley v. Florida Parole Commission
Additionally, this Court's decision in Sheley v. Florida Parole Commission, 720 So.2d 216 (Fla.1998) ("Sheley II"), clearly supports the principle of law that a circuit court's order on a petition for writ of prohibition in this context is reviewable by certiorari. In that case, the defendant sought a writ of mandamus in the circuit court seeking to challenge an order of the Parole Commission with regard to a presumptive parole release date. See id. at 217. The circuit court denied relief in the petition for writ of mandamus. See id. The defendant sought review of the denial of the petition for writ of mandamus in an appeal to the First District. See id. The First District treated the appeal as a petition for writ of certiorari and denied relief. See id. This Court approved the decision of the First District. See id. at 216. In so holding, this Court quoted with approval the following from the decision of the First District in Sheley v. Florida Parole Commission, 703 So.2d 1202 (Fla. 1st DCA 1997) ("Sheley I"):
The inmate has already been afforded the right to review the Commission's action on the merits by filing a petition for writ of mandamus in the circuit *1079 court. It would be illogical to provide the inmate a second opportunity for review on the merits by allowing a plenary appeal from the circuit court order. For these reasons, we treat the appeal as a petition for writ of certiorari and we review the case by the limited standard that applies when certiorari is used to review a prior appellate decision.
Sheley II, 720 So.2d at 217 (quoting Sheley I, 703 So.2d at 1206). Additionally, this Court reasoned:
The district court drew an analogy to two lines of cases: (1) those cases wherein a defendant files a petition for an extraordinary writ in circuit court to review an order of the county court; and (2) those cases governing secondary appellate review of local administrative action. In both lines of cases, the petitioner is unentitled to a second plenary appeal on the merits.
We agree with the district court's reasoning and find its analogies apt.
Sheley II, 720 So.2d at 217 (emphasis supplied; footnotes omitted).
The significance of this quoted language to the single issue in this case cannot be overstated. In Sheley II, this Court adopted the analogy with regard to the two lines of cases. The first line of cases described by this Court is precisely the fact in the instant case. Thus, contrary to the petitioners' argument, it is irrelevant that the other facts in Sheley I are somewhat distinguishable from those before us today. In holding that the defendant was not entitled to a second plenary appeal of the administrative action, this Court explicitly concluded that a defendant would not also be entitled to a second plenary appeal under the more general circumstances when a petition for an extraordinary writ (e.g., a petition for writ of prohibition) is filed in circuit court to review an order of the county court. Thus, there is precedent from this Court which clearly supports the principle of law that an order on a petition for writ of prohibition in connection with an issue of recusal is reviewable by certiorari.
Constitutional Provisions and the Florida Rules of Appellate Procedure
The Florida Constitution and the Florida Rules of Appellate Procedure also clearly support the principle that an order on a petition for writ of prohibition is reviewable by certiorari. The petitioners argue that because a petition for writ of prohibition is technically an original proceeding, a circuit court's order on a petition for writ of prohibition is a final order; thus, it is reviewable by appeal pursuant to article V, section 4(b)(1) of the Florida Constitution, which provides:
(1) District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court.
Art. V, § 4(b)(1), Fla. Const. (emphasis supplied). Contrary to the petitioners' argument, this constitutional provision does not establish that an order on a petition for writ of prohibition is a final order or final judgment reviewable by appeal. Instead, the Florida Rules of Appellate Procedure provide insight into the meaning of this constitutional provision and support the determination that an order on a petition for writ of prohibition is reviewable by certiorari. Florida Rule of Appellate Procedure 9.030 provides:
(b) Jurisdiction of District Courts of Appeal.
(1) Appeal Jurisdiction. District courts of appeal shall review, by appeal

*1080 (A) final orders of trial courts, not directly reviewable by the supreme court or a circuit court, including county court final orders declaring invalid a state statute or provision of the state constitution;
(B) non-final orders of circuit courts as prescribed by rule 9.130;
(C) administrative action if provided by general law.
(2) Certiorari Jurisdiction. The certiorari jurisdiction of district courts of appeal may be sought to review
(A) non-final orders of lower tribunals other than as prescribed by rule 9.130;
(B) final orders of circuit courts acting in their review capacity.
Fla. R.App. P. 9.030(b)(1)-(2) (footnotes omitted). Rule 9.030(b)(1)(A) is taken directly from article V, section 4(b)(1) of the Florida Constitution. When read in conjunction, the statement that district courts of appeal must review "final orders of trial courts," Fla. R.App. P. 9.030(b)(1)(A), obviously does not include "final orders of circuit courts acting in their review capacity." Fla. R.App. P. 9.030(b)(2)(B). In formulating rule 9.030, this Court recognized that these two types of final orders are distinguishable and the latter, when the court is acting in a review capacity, may instead be reviewed by certiorari. Under rule 9.030(b)(1)(A), the "trial courts" language establishes that this mandatory appeal rule only applies to county courts and circuit courts acting in their trial capacity, rather than "circuit courts acting in their review capacity." Fla. R.App. P. 9.030(b)(2)(B). As previously discussed, although a petition for writ of prohibition may technically be classified as an original action, courts act only in their review capacity in this context in the determination of a petition for writ of prohibition.
An order on a petition for writ of prohibition is clearly reviewable by certiorari. As a general rule, certiorari should not be used as a second appeal:
[I]f the role of certiorari was expanded to review the correctness of the circuit court's decision, it would amount to a second appeal. If an appellate court gives what amounts to a second appeal, by means of certiorari, it is not complying with the Constitution, but is taking unto itself the circuit courts' final appellate jurisdiction and depriving litigants of final judgments obtained there.
Heggs, 658 So.2d at 526 n. 4. Because review in the nature of a petition for writ of prohibition in this context functions like an appeal, additional review that functioned as a second appeal would be problematic. Thus, the distinguishing features of review under common-law certiorari, in comparison to review by appeal, must be utilized to review an order on a petition for writ of prohibition in this context to ensure there is not another appeal under "the guise of certiorari." Id. These distinguishing features are:
First, common-law certiorari is available only "where no direct appellate proceedings are provided by law." Second, common-law certiorari is entirely discretionary with the court, as opposed to appeal which is taken as a matter of right. Third, the scope of review by common-law certiorari is traditionally limited and much narrower than the scope of review on appeal. . . . Fourth, common-law certiorari will only lie to review judicial or quasi-judicial action, never purely legislative action. . . .
Id. at 526 n. 3 (emphasis supplied; citations omitted) (quoting G-W Dev. Corp. v. Village of N. Palm Beach, 317 So.2d 828, 830 (Fla. 4th DCA 1975)). With regard to the scope of review, the reviewing court in this context can only grant a petition for writ of certiorari based on a departure *1081 from the essential requirements of law. See Combs v. State, 436 So.2d 93, 94 (Fla. 1983). A departure from the essential requirements of law is not mere legal error, but instead, involves a "gross miscarriage of justice." Heggs, 658 So.2d at 527. Due to its discretionary nature, a district court of appeal may refuse to grant certiorari relief even if there is legal error which could be argued to be a departure from the essential requirements of law. See Combs, 436 So.2d at 96. These standards govern the process of a district court of appeal in certiorari review of an order on a petition for writ of prohibition in this context to ensure that such review will neither function like nor actually be a second appeal.
Contrary to the petitioners' assertion, review by certiorari under these standards will not violate the petitioners' (or future parties') constitutional right to appeal. In its interpretation of article V, section 4(b)(1) of the Florida Constitution, this Court concluded that this provision is a constitutional protection of the right to appeal. See Amendments to the Fla. Rules of Appellate Procedure, 685 So.2d at 774. As described above, the petitioners were given review, through the circuit court's consideration of the original petition for writ of prohibition, on the narrow issue of whether the motion to disqualify was improperly denied. Thus, we conclude that the petitioners have been afforded the right of review in accordance with the Florida Constitution. Accordingly, the proper method to review the order on the petition for writ of prohibition in this context is certiorari.

CONCLUSION
For the foregoing reasons, we approve the decision under review and remand for proceedings consistent with this opinion. In so doing, we disapprove the decisions in Burton, Pinfield, and Guzzetta to the extent they are inconsistent with this opinion.
It is so ordered.
WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] The State argues that there is no conflict jurisdiction because the action below by the First District Court of Appeal was an unpublished order without table citation and such does not constitute a "decision" as contemplated by article V, section 3(b)(3) of the Florida Constitution. This argument is without merit. This Court has previously exercised its discretionary jurisdiction where the action below was an unpublished order. In Department of Law Enforcement v. House, 678 So.2d 1284, 1284 (Fla.1996), and Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner, 612 So.2d 1378, 1379 (Fla.1993), this Court held that jurisdiction existed under article V, section 3(b)(4), even though conflict was certified by an unpublished order (and no table citation was provided). In both House and Espinosa, this Court subsequently rendered a decision on the merits. See House, 678 So.2d at 1284; Espinosa, 612 So.2d at 1380. Also, in Florida Physician's Insurance Reciprocal v. Stanley, 452 So.2d 514 (Fla.1984), this Court held that jurisdiction existed under article V, section 3(b)(4), even though the question of great public importance was certified by unpublished order (and no table citation was provided). See id. at 514. In Stanley, this Court also subsequently rendered a decision on the merits. See id. at 515. Thus, there is precedent for this Court exercising its discretionary jurisdiction with regard to unpublished orders that are without table citation, and this includes cases that involve conflict jurisdiction. Similar to the use of the word "decision" in article V, section 3(b)(4) of the Florida Constitution, the term "decision" is also used in article V, section 3(b)(3) to define the parameters of this Court's review through discretionary jurisdiction. In the cases previously discussed, this Court has concluded that unpublished orders without table citation constitute "decisions" for discretionary jurisdiction purposes. Therefore, the decision to invoke discretionary jurisdiction in the instant case is within the existing jurisprudence of this Court.
[2] There are ten separate petitioners in eleven cases, which were eventually consolidated for review in the First District. Sutton was designated as the lead case. The petitioners all argue one identical issue  whether a circuit court's order on a petition for writ of prohibition is reviewable by appeal or certiorari.
[3] The First District issued an order for each of the eleven cases. The orders either contained the identical language or language that was similar in substance to the order in Sutton.