987 So.2d 236 (2008)
STATE of Florida, Petitioner,
v.
CAM VOONG LENG, Respondent.
No. 4D08-1394.
District Court of Appeal of Florida, Fourth District.
July 30, 2008.
Bill McCollum, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for petitioner.
No appearance for respondent.
PER CURIAM.
In a case in the county court, Voong Leng was charged with trespass after warning at the Seminole Classic Casino. The case was assigned to Judge Joseph Murphy on January 24, 2008. Six days later,[1] the state moved to disqualify the *237 judge based on comments he made in a prior case concerning the Seminole Tribe and its right to enforce state laws on its property. The state argued that the comments would lead a reasonable person to believe that the victim in the case, the Seminole Indian Tribe, would not receive a fair trial or hearing. The state also argued that the judge's comments showed bias by appearing to give advice to opposing counsel as to how to handle the case. With its motion, the state provided transcripts in another case involving the Seminole Tribe where Judge Murphy granted the state's motion for disqualification.
Judge Murphy denied the motion on January 30, 2008. The state timely sought prohibition relief in the circuit court. To support its petition, the state cited to two circuit court cases where different circuit judges had granted prohibition on identical grounds. However, in this case yet another circuit court judge denied the petition.
We review the circuit court's ruling in this case by certiorari. See Sutton v. State, 975 So.2d 1073 (Fla.2008). With regard to the scope of review, we
can only grant a petition for writ of certiorari based on a departure from the essential requirements of law. A departure from the essential requirements of law is not mere legal error, but instead, involves a "gross miscarriage of justice." Due to its discretionary nature, a district court of appeal may refuse to grant certiorari relief even if there is legal error which could be argued to be a departure from the essential requirements of law.
Id. at 1080-81 (internal citations omitted).
We grant the petition and quash the order of the circuit court. The motion to disqualify was legally sufficient, in that it alleged facts which "would cause the movant to have a well-grounded fear that he or she will not receive a fair trial at the hands of the judge." State v. Shaw, 643 So.2d 1163, 1164 (Fla. 4th DCA 1994). The trial judge previously granted a motion to disqualify on identical grounds. See Walls v. State, 910 So.2d 432 (Fla. 4th DCA 2005). Two different circuit court judges granted writs of prohibition on identical grounds. Where the grounds for disqualification of a county judge are met and disqualification may be required in many cases, it is a manifest injustice for disqualification to turn on the identity of the circuit court judge to whom a writ of prohibition is assigned.
POLEN and GROSS, JJ., concur.
FARMER, J., dissents without opinion.
NOTES
[1] Although the county court cited untimeliness as one reason for denying the motion, this was incorrect, since the motion was filed less than ten days after the state learned that the case had been assigned to Judge Murphy. Florida Rule of Judicial Administration 2.330(e) provides that a "motion to disqualify shall be filed within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion." A crucial fact forming a basis for the motion was the assignment of the case to Judge Murphy.