PER CURIAM.
Petitioner John F. Tomasic seeks a writ of prohibition directed to the county court to disqualify the trial judge, the state attorney, and an assistant state attorney from proceeding in the currently pending prosecution of criminal charges against him in the county court. The petitioner has been charged with a misdemeanor offense and with violation of probation. “Prohibition is an extraordinary writ by which a superior court may prevent an inferior court or tribunal, over which it has appellate and supervisory jurisdiction, from acting outside its jurisdiction.” Mandico v. Taos Constr., Inc., 605 So.2d 850, 853 (Fla.1992). Here, the circuit court has appellate jurisdiction over the county court, and therefore, this Court is without jurisdiction to entertain the petition for writ of prohibition. See Fla.R.App. P. 9.030(c); Lane v. State, 970 So.2d 422 (Fla. 3d DCA 2007) (holding that jurisdiction of a petition for writ of prohibition directed to the county court lies in the circuit court, appellate division); Clanton v. Mapp, 559 So.2d 656 (Fla. 3d DCA 1990) (same); Dupont v. Hershey, 576 So.2d 442 (Fla. 4th DCA 1991) (same). Accordingly, we dismiss the petition without prejudice to petitioner seeking disqualification, if appropriate, in the county court. See Guetzloe v. State, 18 So.3d 528 (Fla.2009) (table); Harris v. State, 54 So.3d 497 (Fla. 2d DCA 2011) (table); see also Sutton v. State, 975 So.2d 1073, 1076 (Fla.2008) (“[Prohibition is ... clearly recognized as the proper avenue for immediate review of whether a motion to disqualify a trial judge has been correctly denied.”).
Petition dismissed.