NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


YORLAN ESPINOSA PENA; WARNER B. )
BARRANTES; SARAH HAMADI; ROBERT )
L. GARCIA; RANDY MORENO; PETER W. )
RODINO; MIGUEL GUZMAN; MICHAEL R. )
MYZAK; MAXWELL S. GIVEN; MAX GENE )
MILLER; MARK R. DHONDT; MARK S. )
MAGITMAN; LAZARO MANUEL URQUILA )
VENTA; KEVIN PEREZ; JOSEPH )
RICHARD DIAZ; JESUS A. SANCHEZ; )
IRVING HERNANDEZ; HENRY GUEVARA;)
PATRICK J. GARRY; GABRIEL L. )
CUERVO; EDWIN OSCAR TORRES )
VAZQUEZTELL; DANIEL J. BARRON; )
CYPRISS A. WOODALL; CLAUDIA )
GRAVERAN; ALEXANDER M. HOWARD; )
AIMEE SANTANA PEREZ; GEOFFREY C. )
HART; and BLAS E. ALEMAN, )
)
        Petitioners, )
)
v. )        Case No. 2D17-4465
)
STATE OF FLORIDA, )
)
        Respondent. )
_____)

Opinion filed November 9, 2018.

Petition for Writ of Certiorari to the Circuit
Court for the Twentieth Judicial Circuit for
Lee County; sitting in its appellate capacity.

Louis Arslanian, Hollywood, for Petitioners.

Pamela Jo Bondi, Attorney General,
Tallahassee, and C. Todd Chapman,
Assistant Attorney General, Tampa, for
Respondent.

MORRIS, Judge.

The petitioners, drivers appearing in county court for civil traffic infractions, seek certiorari review of a circuit court order denying their joint petition for writ of prohibition, which sought review of the county judge's denial of the petitioners' motions to disqualify the county judge from presiding over their traffic cases. The circuit court denied the petition for writ of prohibition, concluding that the motions to disqualify the county judge were legally insufficient. We grant the petition for writ of certiorari because the motions were legally sufficient and the circuit court departed from the essential requirements of the law in denying the petition for writ of prohibition.

I. Background

In their motions to disqualify filed in county court, the petitioners asserted that they had a well-founded fear that they would not receive a fair proceeding before the county judge based on the following facts:

> [Petitioners' counsel] was approached by [a hearing officer] in the middle of December, 2016 and was warned that [the hearing officer] "was talked to" and that he would no longer be as lenient as he had been in the past.
> Not knowing who "talked to" [the hearing officer], [counsel] was unaware if any inappropriate communications had taken place between [the hearing officer] and any other court official.
> In order to make that determination, the undersigned's office requested all e-mails relating to traffic court from [the county judge].
> [Counsel's] office received a series of e-mails from court administration on May 9, 2017. One of these e-mails

- 2 -

was troubling, and appears to establish inappropriate conduct on the part of the clerk's office and [the county judge].

An e-mail dated Wednesday, December 14, 2016[,] was written from [a] Clerk employee[] to [the county judge]. In this e-mail, [the employee] references the hearing officer who is presiding over the docket on that day. Removing herself from her position as a neutral clerk employee, and becoming an adversary to drivers, [the employee] reported to [the county judge] that the hearing officer was being "talked into withholding adjudication" and she needed to talk to [the county judge] about this conduct in court. On the same day, [the county judge] replied to [the employee] and assured her that he will "have a discussion with him shortly."

Shortly after this e-mail was sent by [the county judge], [counsel] was approached by [the hearing officer], and told that he had "been talked to" and that he would no longer be as lenient as he had been in the past.

In May 2017, [the county judge] called the undersigned to the bench in open court. [The county judge] questioned why [counsel's] law firm had requested his traffic related e-mails. [Counsel] explained that he had been told by the traffic magistrates that they had "been talked to" and would no longer be as lenient as they had been in the past. Further, [the county judge] explained that he had read a report that indicated that Lee County was known as a place for aggressive drivers, presumably explaining why he "talked to" the traffic magistrates about their actions in traffic court.

In addition to the above allegations, the motions also alleged that after counsel had inquired about the e-mails, his clients' cases were moved from their originally-scheduled docket to a special docket assigned to this particular county judge.

On April 20, 2017[,] [counsel's] law firm filed a number of Notices of Appearances for traffic infractions, requesting a County Court Judge to hear the cases.
. . . .

[Counsel's] office learned that this matter was assigned to [the county judge's] traffic docket on May 17, 2017.
. . . .

- 3 -

Even though another Judge was scheduled to be assigned these cases, [the county judge] took it upon himself to assign all of these cases to a special docket in his own courtroom. The undersigned's office called the Clerk's office to ascertain why this happened and was advised by an assistant Supervisor that another Judge should have been assigned those cases based on the pre-determined schedule. The undersigned's office asked for a copy of the Administrative Order that allowed for one Judge to avoid the random assignment of cases and to place them on a special docket in his/her own courtroom. That request has not been responded to at the time of the filing of this motion. Another supervisor at the clerk's office did reply with an e-mail, explaining that the judge's dockets were busy and this special docket was set up in an effort to deal with the high number of traffic cases presented to the county court judges. Again, a copy of the administrative order authorizing this was requested, but no reply has been received.

Attached to the motion to disqualify was an affidavit of counsel attesting to the facts alleged in the motion, as well as a copy of the e-mails between the county judge and the clerk's employee. The motion also described past traffic court rulings by the county judge:

In the past, [the county judge] required a number of the undersigned's clients to pay their fines and court costs the same day as their traffic hearing. This ruling was in clear violation of Traffic Rule 6.480(a). Consequently, many clients had their driver license suspended improperly based on this improper court order.

Recently, [the county judge] ruled that a recapture period applied to the speedy trial rule for traffic infractions, even though the Traffic Rules clearly do not provide for a recapture period (Traffic Rule 6.325(a)). Consequently, three drivers who were tried more than 180 days after the issuance date of their citation did not have their cases dismissed, even though they were not attributable for any delays in their case. These cases are now on appeal before the Lee County Circuit Court.

[The county judge] has recently ruled that if a driver avails himself of Traffic Rule 6.630(n), that driver waives his/her right to a speedy trial, even though the rule makes no mention of this waiver.

The county judge denied the motions to disqualify "as legally insufficient."

The petitioners sought review of the denial of their motions to disqualify by filing a joint petition for writ of prohibition in the circuit court. See Sutton v. State, 975 So. 2d 1073, 1077 (Fla. 2008) ("This Court has recognized that prohibition is a proper remedy to seek review of the denial of a motion to disqualify . . . ."). The circuit court denied the petition, concluding that

> [p]etitioners did not have a well-founded, objectively reasonable, fear they would not receive fair hearings. The allegations are those of adverse judicial rulings, and pure speculation as to the reasons why the county judge met with the hearing officer, the content of that meeting, or why the docket was transferred. The motions to disqualify, and petition, allege no statement of bias or prejudice on the part of the county judge towards Petitioners, only that he mentioned a report about aggressive drivers. [Thus,] the motions to disqualify were legally insufficient.

II. Analysis

In their petition for writ of certiorari filed in this court, the petitioners argue that the circuit court departed from the essential requirements of the law in denying their petition for writ of prohibition because their motions to disqualify the county judge were legally sufficient in that the facts as alleged gave the petitioners a reasonable fear of receiving an unfair trial before the county judge.

Because the petition for writ of prohibition filed in the circuit court sought review of the denials of the motions to disqualify by the county judge, the petition for writ of prohibition served a similar function as a direct appeal. Sutton, 975 So. 2d at 1077-78. Therefore, the circuit court's denial of the petition for writ of prohibition is reviewable in this court by certiorari. See id. at 1079-80. "[T]he reviewing court in this context can only grant a petition for writ of certiorari based on a departure from the essential

- 5 -

requirements of law. A departure from the essential requirements of law is not mere legal error, but instead, involves a 'gross miscarriage of justice.' " Id. at 1080-81 (citation omitted) (quoting Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 527 (Fla. 1995)).

A party moving to disqualify a judge must file an affidavit in good faith stating fear that he or she will not receive a fair trial on account of the prejudice of the trial judge, alleging facts and reasons for the belief that prejudice exists. Gregory v. State, 118 So. 3d 770, 778 (Fla. 2013) (citing § 38.10, Fla. Stat. (2011)). A judge ruling on an initial motion to disqualify "shall determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged." Id. (quoting Fla. R. Jud. Admin. 2.330(f)). "Whether the motion is legally sufficient requires a determination as to whether the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial." Id. (quoting Rodriguez v. State, 919 So. 2d 1252, 1274 (Fla. 2005)). The fear must be objectively reasonable; a subjective fear is not sufficient. Id. (quoting Arbelaez v. State, 898 So. 2d 25, 41 (Fla. 2005)). If the motion is legally sufficient, the judge shall grant disqualification and proceed no further in the action; if the motion is legally insufficient, the judge shall deny the motion without commenting on the allegations in the motion. Id. (quoting rule 2.330(f)).

Here, the allegations suggesting the county judge's tough stance on traffic defendants and noting his prior adverse rulings may not have been sufficient in themselves to show bias. Compare Thompson v. State, 759 So. 2d 650, 659 (Fla. 2000) ("[T]he fact that a judge has ruled adversely to the party in the past does not constitute a legally sufficient ground for a motion to disqualify."), Arbelaez v. State, 775

- 6 -

So. 2d 909, 916 (Fla. 2000) ("As to the claims of bias and prejudice, there was nothing in [the defendant's] allegations to show that [the judge] had a personal bias or prejudice against him. Neither her 'tough-on-crime' stance nor her former employment as a prosecutor was legally sufficient for disqualification."), and Foy v. State, 818 So. 2d 704, 706 (Fla. 5th DCA 2002) (holding that judge's comments that "there is no cure for pedophilia" and that "treatment doesn't do a bit of good" did not express "any standard sentencing policy for those individuals charged with committing sexual acts on minors" and were therefore legally insufficient for disqualification) with Martin v. State, 804 So. 2d 360, 364 (Fla. 4th DCA 2001) (holding that motion to disqualify was legally sufficient where "the judge's remarks could reasonably be interpreted as announcing a fixed intention to have probation invariably follow any jail or prison sentence that he would impose"), and Torres v. State, 697 So. 2d 175, 177 (Fla. 4th DCA 1997) ("[A] judge's announced policy that no probation violator will be sentenced to time served amounts to legally sufficient grounds for disqualification because the policy personally affects the petitioner and places him in fear that he will not receive a fair sentencing hearing.").

However, the petitioners also alleged that the county judge instructed the hearing officer to be less lenient on traffic defendants and that the county judge believed that drivers in the county were aggressive. Moreover, the petitioners alleged that the county judge inquired why counsel requested the judge's e-mails and that soon thereafter, counsel's clients' cases were removed from their original docket and transferred to the docket of this particular county judge. These allegations combined were sufficient to give the petitioners an objective fear that they would not receive a fair trial before this particular county judge in their traffic cases. See State v. Voong Leng,

987 So. 2d 236, 237 (Fla. 4th DCA 2008) (granting petition for writ of certiorari because motion to disqualify the county judge alleged prior comments by the trial judge which showed bias and caused the movant to have a well-grounded fear that he would not receive a fair trial).  Contrary to the circuit court's conclusion, the allegations in the motion to disqualify were not general and speculative; rather, they were specific to counsel and his traffic clients, and they were based on specific conversations between the county judge and the clerk's employee, the hearing officer, and counsel.

In denying the writ of prohibition, the circuit court departed from the essential requirements of law.  The circuit court's order results in a miscarriage of justice because twenty-eight traffic cases remain pending before a county judge who should have recused himself based on the petitioners' allegations establishing a well-founded fear of not receiving a fair and impartial trial.  See generally Voong Leng, 987 So. 2d at 237 (granting certiorari relief where circuit court improperly denied writ of prohibition because motion to disqualify was legally sufficient and two other circuit courts had granted writs of prohibition on identical grounds); State v. Shaw, 643 So. 2d 1163, 1164-66 (Fla. 4th DCA 1994) (granting certiorari relief where circuit court improperly granted petition for writ of prohibition and circuit court's ruling resulted "in a violation of clearly established law and a miscarriage of justice because it offends procedures integral to the fair administration of justice").

Petition for writ of certiorari granted; order quashed.


LaROSE, C.J., Concurs.

ATKINSON, J., Dissents with opinion.

- 8 -

ATKINSON, Judge, Dissenting.

I would deny the petition for writ of certiorari. The circuit court did not violate "a clearly established principle of law resulting in a miscarriage of justice" when it determined that the Petitioners' motions to disqualify the county court judge were legally insufficient. State v. Shaw, 643 So. 2d 1163, 1165 (Fla. 4th DCA 1994) (quoting Combs v. State, 436 So. 2d 93, 96 (Fla. 1983)); see Fla. R. Jud. Admin. 2.330(d)(1) (requiring that a motion to disqualify "show . . . that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge" (emphasis added)); Sutton v. State, 975 So. 2d 1073, 1081 (Fla. 2008) ("A departure from the essential requirements of law is not mere legal error, but instead, involves a gross miscarriage of justice. . . . These standards govern the process of a district court of appeal in certiorari review of an order on a petition for writ of prohibition in this context to ensure that such review will neither function like nor actually be a second appeal." (internal citations and quotation marks omitted)).