# Third District Court of Appeal

## State of Florida

Opinion filed April 26, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1984
Lower Tribunal No. 16-1219
_____


**Dario Carnevale, et al.,**
Petitioners,

vs.

**Guy M. Shir, et al.,**
Respondents.


A Case of Original Jurisdiction – Prohibition.

Squire Patton Boggs (US) LLP, and Alvin B. Davis, for petitioners.

Robert E. Menje, PLLC, and Robert E. Menje (Okeechobee), for respondents.


Before SCALES, HENDON and BOKOR, JJ.

BOKOR, J.

Dario and Flavia Carnevale petition for writs of prohibition, seeking to reverse the denial of their motions to disqualify the trial judge from presiding over the three underlying cases. The Carnevales argue that the trial judge exhibited bias due to certain social media postings evincing a friendly relationship with a proposed third-party intervenor, Michael Feldman, Esq., and his counsel, as well as by allowing Mr. Feldman to participate in hearings without having been formally added as a party.

Preliminarily, we hold that the motions to disqualify were properly denied as a matter of law because the Carnevales already successfully moved to disqualify a previous trial judge on this same basis earlier in the litigation. A party may not seek a second disqualification of a successor judge except in such instance where the party demonstrates actual bias or prejudice. See Fla. R. Gen. Prac. & Jud. Admin. 2.330(i) ("If a judge has been previously disqualified on motion for alleged prejudice or partiality under subdivision (e), a successor judge cannot be disqualified based on a successive motion by the same party unless the successor judge rules that he or she is in fact not fair or impartial in the case."). We review such a determination under an abuse of discretion standard. See Delgado v. Miller, 48 Fla. L. Weekly D405 (Fla. 3d DCA Feb. 22, 2023) ("[A]n order denying the disqualification of a successor judge is reviewed for an abuse of

2

discretion.  Prohibition does not lie unless the record clearly refutes the successor judge's decision to deny the motion.") (citations and quotations omitted).  After a thorough examination of the record, a reasonable jurist could conclude that the allegations fail to rise to a level justifying recusal. Accordingly, the petition for prohibition must fail.  See id.

Additionally, we note that the Carnevales' petitions contain mischaracterizations of facts and procedural history that undermine their claims of judicial bias and would support denial of the petitions on the merits. Without summarizing the extensive procedural history, we note that, for example, the petitions neglect to mention that Mr. Feldman's attempts to intervene were triggered by his claims that the Carnevales had proffered a fraudulent consent judgment containing false statements about Feldman's and the Carnevales' roles in relation to the underlying contract that formed the basis for all three cases.  Feldman therefore intervened to prevent the improper allegations from negatively influencing the trial court, which could have subjected Feldman to sanctions.  Feldman and the Carnevales have also filed competing motions for sanctions that led the trial court to defer its ruling on the consent judgment.  The trial judge was not, as the Carnevales argue, "protecting" Feldman or "disregarding" the bifurcation of the three cases by allowing Feldman to participate in the hearings at issue.  See Wall

3

v. State, 238 So. 3d 127, 143 (Fla. 2018) ("[T]he context of the hearing and history of the case as reflected in the record are relevant to understanding whether a movant has a well-founded fear of judicial bias."). Therefore, contrary to the Carnevales' recitation of the facts, the record reveals the trial court made the best of a messy situation and attempted to provide notice and an opportunity to be heard to all impacted parties. To the extent the Carnevales—or any other party—objected to the procedure employed by the court, the remedy does not lie in seeking to recuse or disqualify the trial judge. See, e.g., Bodden v. State, 314 So. 3d 458, 461 (Fla. 3d DCA 2020) ("To prevail on a petition for a writ of prohibition seeking to bar a trial judge from presiding over a case requires more than mere disagreement with a ruling on a given motion. This is because an adverse ruling is not a legally sufficient ground to disqualify the trial judge."); see also Sutton v. State, 975 So. 2d 1073, 1076–77 (Fla. 2008) (noting that prohibition, while "the proper avenue for immediate review of whether a motion to disqualify a trial judge has been correctly denied," is "discretionary in nature and not a matter of right"); Committee Notes, Fla. R. App. P. 9.100 (noting that "[a] lack of supporting documents" to "support the allegations of fact contained in the petition . . . may, of course, be considered by the court in exercising its discretion not to issue an order to show cause").

4

Petition denied.